## Commonwealth v. Kentucky Distilleries & Warehouse Company, et al.

(Decided September 24, 1913).

### Appeal from Bourbon Circuit Court.

1. Repeal of Common Law by Statute.—The common law is impliedly repealed by a statute which is inconsistent therewith, or which undertakes to revise and cover the whole subject; the common law is not repealed, however, if there is no repugnancy between it and the statute, and it does not appear that the legislature intended to cover the whole subject.

2. Criminal Law—Indictment.—It not infrequently occurs that the same act may constitute, in whole or in part, two or more offenses; and in that event it is the accusative part of the indictment that determines the offense charged.

3. Nuisance—May Be Prosecuted Under Common Law or Under Statute.—Any use of property which was at common law a nuisance, does not cease to be so because the same act is made an offense by statute and a different punishment provided, and the party creating the nuisance may be prosecuted under either the common law or the statutory remedy.

4. Common Law—Indictment—Multifariousness.—An indictment accusing the defendant of making and maintaining a common public nuisance by permitting refuse from a distillery to flow into a stream thereby polluting it, is not multifarious, and is valid under the common law, notwithstanding section 1253 of the Kentucky Statutes prescribes a statutory penalty for a similar offense.

JAMES GARNETT, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellant.

KEITH L. BULLITT, WILLIAM MARSHALL BULLITT and JAMES M. O'BRIEN for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This appeal by the Commonwealth presents for review the ruling of the circuit judge in sustaining a general demurrer to the following indictment:

"The grand jury of the county of Bourbon, in the name and by the authority of the Commonwealth of Kentucky, accuse the Kentucky Distilleries & Warehouse Co. and Julius Kessler & Co. of the offense of unlawfully making and maintaining a common public nuisance, committed as follows:

"The said Kentucky Distilleries & Warehouse Company, which was then and there a corporation organized and incorporated under the laws of the State of New Jersey, and Julius Kessler & Co., which was then and there a corporation incorporated and organized under the laws of the State of West Virginia, in the said county of Bourbon, on the 10th day of December, A. D., 1910, and on divers days thereafter, habitually and continuously during the period from and after said date, within twelve months before the finding of this indictment, at and on that certain distillery and distillery premises, formerly and commonly known as the Walsh Distillery, then and there owned by and in their occupation and under their control, and then and there being operated by said defendant corporations, situated near to that public highway of the county of Bourbon known as the Paris and North Middletown Turnpike, and near the city of Paris and Stoner avenue, one of the public streets of said city, and near to Stoner Creek, one of the running waters of the State of Kentucky and from which the water supply for domestic uses and purposes of the citizens of Paris was then and there drawn, did unlawfully make, cause, suffer and permit still slops, filth and refuse from said distillery and waste slops, manure, offal and filth from several hundred cattle then and there on said distillery premises and on premises adjacent thereto being fed on slop from said distillery, to accumulate at and near said distillery, did pump and permit to be pumped and cause and suffer to flow into sinks on a piece of the woodland formerly owned by G. G. White and John White and known as the 'Gilt Edge Stock Farm,' now owned by John T. Hinton, and which sinks were then and there by said Julius Kessler & Co. leased of and from said John T. Hinton and used by said defendant companies as receptacles for same, and in said sinks to be and remain, rotting, festering, running over, drained out of, escaping, finding its way and sent into a small branch or creek tributary to the hereinbefore mentioned Stoner Creek, through which it flowed into said Stoner Creek, giving forth and emitting foul, of-

fensive and disagreeable odors, impregnating the atmosphere and rendering same foul, offensive, noisome and disagreeable, and so charging and polluting the waters of said Stoner Creek with said refuse from said distillery, waste slops, manure, offal and filth from the cattle hereinbefore mentioned that the waters of said Stoner Creek were so corrupted and charged with filth, stenches and smells as to be unfit for domestic uses and purposes and producing such discomfort and annoyance to persons of ordinary sensibilities, and especially to those residing in that particular neighborhood, as to impair their comfortable enjoyment of life, to the common nuisance and annoyance of persons living on Stoner avenue in the city of Paris, and traveling and having the right to travel said Stoner avenue, and to all persons traveling and having the right to travel along, over and across the Paris and North Middletown pike, and jeopardizing and endangering the health of all persons using and having the right to use for domestic purposes the waters of Stoner Creek, to the common nuisance, annoyance and jeopardy of all good citizens of this Commonwealth and against the peace and dignity of the Commonwealth of Kentucky.''

The record fails to disclose the ground upon which the circuit judge sustained the demurrer, and opposing counsel, in their briefs, assign different reasons for the court's action. Counsel for appellant say the demurrer was sustained because the court was of the opinion that the indictment charged two offenses: (1) the common law offense of maintaining a common public nuisance; and (2) the statutory offense of polluting a stream; thus violating section 126 of the Criminal Code of Practice, which provides that an indictment, except in the cases mentioned in section 127, which does not embrace cases of this character, must charge but one offense.

Counsel for appellee contend, however, that the indictment is defective because it charges the offense of maintaining a common public nuisance under the common law, which, it is claimed, has been abrogated and superseded by the statute, which reads as follows:

''1253.   If any person put, or cause to be put, in any stream, dam, pool or pond any liquid, berries, powders, medicine or other thing, or explode, or cause to be exploded, dynamite or any other substance, whereby fish, great or small, are or may be sickened, intoxicated or killed, or the water rendered unfit for use, or stench be

produced, he shall be fined not less than ten nor more than one hundred dollars, and imprisoned in the county jail not less than thirty days nor more than six months, in the discretion of the jury, for each offense."

Appellant relies upon Peacock Distilling Company v. Commonwealth, 25 Ky. L. R., 1778, 78 S. W., 893, as conclusively requiring a reversal, while appellee insists that the Peacock case is not authoritative because it only decided that the indictment then before the court was not multifarious and charged but one offense; and that the question whether the common law offense had been superseded by the statutory offense was neither raised nor decided. In support of its position appellee relies solely upon the following language from 8 Cyc., 376:

"The common law is impliedly repealed by a statute which is inconsistent therewith, or which undertakes to revise and cover the whole subject matter."

The clause quoted from further says:

"The common law is not repealed, however, if there is no repugnancy between it and the statute, and it does not appear that the Legislature intended to cover the whole subject. Statutes in derogation of the common law are to be strictly construed, unless as in some States, there is a provision to the contrary."

And although we have a statute, in section 460 of the Kentucky Statutes, requiring a liberal construction of statutes, the questions of repugnancy and legislative intention still remain the controlling elements in determining whether there has been an abrogation of the common law as to any particular offense. Section 1253 of the Kentucky Statutes, above quoted, is a part of the Act of 1893, and has been repeatedly before the courts in cases of this character.

In Peacock Distilling Company v. Commonwealth, *supra,* decided in 1904, the court said:

"Appellant was indicted, convicted and fined $1,500 for suffering and committing a common nuisance. The indictment describing the offense charges that the defendant corporation, being in the possession and control of a certain distillery in Bourbon County, which was located on Stoner Creek, and near a public highway, 'did unlawfully suffer and permit the still slops and refuse from said distillery to accumulate at and around said distillery, and did suffer and permit same to flow into the waters of said Stoner Creek, whereby the said stream

of water was rendered foul, noisome and unfit for use for man or beast, and caused the fish in said stream to die, whereby there did arise from a distillery, still slops and refuse, stream of water and dead fish, foul, unhealthy and disagreeable odors, and render the atmosphere foul, noisome, disagreeable and dangerous to the health, comfort and happiness, and to the common nuisance and annoyance, of all citizens of the Commonwealth of Kentucky, and especially to those living in the neighborhood of said stream and distillery, and passing along said highway,' etc.

"Appellant complains that the indictment charges two offenses: One the common law offense of maintaining a nuisance, and the other the statutory offense of poisoning or polluting a stream of water, whereby fish are sickened and killed, and that, therefore, it was demurrable for multifariousness. It not infrequently occurs that the same act may constitute, in whole or in part, two or more offenses. In that event it is the accusative part of the indictment that determines the offense charged by the Commonwealth. This indictment does not go upon the idea that the statute has been violated. It is not a prosecution for a violation of that or any statute, but it is drawn to charge the common law offense of maintaining and suffering a nuisance. The description of the acts constituting the offense states not only the suffering of the filth and slop to accumulate so as to create unhealthful and offensive odors, but that by letting the slops and filth escape into the stream it killed the fish, which, decomposing, added to the offensiveness of the other odors. The gravamen is the creation of unhealthful, noisome odors; that fish were killed and waters polluted by the slop were only incidents and parts of the main offense. The indictment was not duplex, and the demurrer was properly overruled. (Commonwealth v. Megibben, 19 Ky. Law Rep., 292; Greenbaum v. Commonwealth, 10 Ky. Law Rep., 723.)''

The Peacock Distilling Company case was cited with approval in India Refining Company v. Commonwealth, 117 S. W., 274, decided in 1909, in which this court sustained a judgment convicting the appellant of the common law offense of polluting the waters of Elkhorn Creek in Franklin County, by emptying into it refuse from an oil refinery.

Likewise in the Megibben case, 101 Ky., 197, decided in 1897, the court said:

"The objections to this indictment urged by appellee in support of the judgment of the trial court are as follows: First, that the indictment attempts to charge two offenses, the killing of the fish, which is a statutory offense, and the corruption of the air. We do not think that the averment as to killing the fish necessarily makes the indictment duplex, as it is averred merely as one of the constituent elements going to make up the nuisance. As in the case of an indictment for the nuisance of keeping a disorderly house there are frequently alleged various statutory or common law offenses, such as gaming."

These authorities are in line with the general rule announced in 29 Cyc., 1279, as follows:

"In the various States there are found numerous statutes providing for the punishment of, or the imposition of penalties on persons creating or maintaining nuisances, which do not, however, supersede the common law, where they do not attempt to cover all cases of public nuisance. Such statutes are construed according to the general rules for the construction of penal statutes."

And, in 2 Roberson's Kentucky Criminal Law & Procedure, section 632, it is said:

"Any use of property which was at common law a nuisance does not cease to be so because the same act is made an offense by statute and a different punishment provided. The party creating the nuisance may be pursued under either the common law or statutory remedy. And where the act charged as a common nuisance is an act prohibited by statute, upon failure to show that it was such as to annoy the public, so as there can be no conviction for the alleged nuisance, there may nevertheless be a conviction under the statute. A public nuisance is a misdemeanor at common law, and the common law punishment is by fine or imprisonment, or both, which has not been changed in this State."

In support of the foregoing text Roberson cites L. & N. R. R. Co. v. Commonwealth, 16 Ky. Law Rep., 347; Greenbaum v. Commonwealth, 10 Ky. L. R., 723; and Sullivan v. Commonwealth, 13 Ky. L. R., 397.

From these authorities it is clear the indictment is not demurrable upon either the ground that it is multifarious, or that the prosecution should have been under the statute and not under the common law. Where, as was said in the Peacock Distilling Company case, the same act constitutes, in whole or in part, two or more

offenses, the accusative part of the indictment determines the offense charged; and since in the case in hand the indictment accuses the defendants of making and maintaining a common public nuisance, which is a common law offense, it is squarely within the rule of criminal procedure there laid down. The decision in that case is conclusive of this case.

Judgment reversed with instructions to overrule the demurrer to the indictment, and for further proceedings.