### Ramsey v. Reynierson.

(Decided October 26, 1923.)

#### Appeal from Marion Circuit Court.

1. Fraud—Statement that Another Would Pay Note Not Representation of Fact.—A statement by defendant that a third party would pay a note when due, if plaintiff loaned money to him, was only an expression of opinion, and not a representation of an existing fact.

2. Fraud—False Representation Not Actionable Unless Knowingly Made.—A mere false representation to induce a loan as to the amount of the borrower's debts, even though it related to a material fact, is not actionable unless it was knowingly made with a fraudulent purpose to deceive the other party.

3. Frauds, Statute of—Actionable False Representation as to Financial Condition Must be in Writing.—One, to make himself liable for false representations as to the credit or financial condition of another, must make those representations in writing, in view of Acts 1914, chapter 15, section 2.

H. W. RIVES for appellant.

W. H. SPRAGENS and C. C. BOLDRICK and HOBSON & HOB-SON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

This is an action for fraud and deceit. Appellant as plaintiff alleges that defendant was in January, 1920, and had been for several years, cashier of a bank at Brad-

fordsville, Kentucky, and that one W. E. Rawlings had for a number of years transacted most of his financial business through that institution, and that defendant was well acquainted with the financial condition of Rawlings; that about the first of January, 1920, or a short time theretofore, defendant, who was the owner of a farm near Bradfordsville, sold the same to Rawlings and desired that Rawlings should procure the cash with which to pay the defendant the agreed price; that at the time Rawlings was largely indebted to the bank and to numerous other parties, and had about that time executed a mortgage for $9,000.00 with which to pay a part of his indebtedness, the aggregate of which at that time was more than $25,000.00; that plaintiff at the time had no information as to the financial condition of Rawlings, but defendant, in order to induce plaintiff to lend Rawlings $1,500.00 without security, assured plaintiff that he (defendant) knew the financial condition of Rawlings, and that Rawlings had property worth from $40,000.00 to $60,000.00 and was practically out of debt and owed very little, and that his unsecured note was good and would be promptly paid at maturity; that plaintiff, relying upon these statements of defendant, on the 6th of January, 1920, loaned to Rawlings the sum of $1,500.00, payable in one year upon the personal note of the latter without security; that at the time Rawlings was hopelessly insolvent and there were liens upon the greater portion of his property and that the statements as to his financial condition by defendant to plaintiff were false, fraudulent and untrue and made for the purpose of deceiving the plaintiff and to induce him to part with his money without security.

A demurrer was filed to the petition, which was overruled, and to which the defendant excepted.

The answer put in issue the material allegations of the petition, and upon the issues thus formed the parties went to trial. At the conclusion of the plaintiff's evidence the court directed the jury to return a verdict for the defendant, and from a judgment entered on that verdict this appeal is prosecuted.

The action of the court was proper for two reasons, (1) because there is no evidence that he knew the representations made by him to appellant were false at the time he made them, and (2) because under the act of 1914 such representations to be actionable must be in writing.

The evidence shows that before appellant made the loan to Rawlings appellee told him Rawlings was good, and that he had property worth between $40,000.00 and $60,000.00, and that while he owed a few little outside debts they did not amount to much, and that the note would be promptly paid at maturity.

The latter statement cannot be accepted as a representation because on its face it has reference to something in the future and is equivalent to no more than an expression of opinion that the obligor would twelve months hence promptly meet his obligation. This cannot be accepted as a representation of an existing fact, and will therefore be eliminated from the discussion. The material representations were that Rawlings was good; that he had property worth between $40,000.00 and $60,000.00, and that he owed only a few little debts that did not amount to much.

Even the evidence introduced for appellant showed that at the time Rawlings was thought to be, if in fact he was not, amply solvent, and as far as we can gather it likewise tends strongly to show that at the time of the loan he in fact had property worth approximately $40,000.00. But the evidence does show that at the time of this loan, instead of owing only a few small debts that Rawlings in fact owed from $15,000.00 to $20,000.00, and that appears to be the only material misrepresentation made by appellee, and the evidence fails wholly to show that he then knew that representation to be false.

In such actions the basis of the right of recovery is the fraud practiced upon one by making false representations to him, known at the time to be false, and made for the purpose of deceiving the plaintiff and having him act upon the same. A mere false representation, even though it be of a material fact, will not be actionable unless it was knowingly made with a fraudulent purpose to deceive the other party, and there is nothing in the evidence from which it may be fairly inferred that defendant at the time knew the representation as to the indebtedness of Rawlings was false.

The right of recovery grows out of the fraud practiced, and a mere misrepresentation, honestly and truthfully made, will not constitute fraud even though the other party acts upon it. Ball v. Lively, 4 Dana 370; Buford v. Brown, 6 B. M. 553; Campbell v. Hillman, 15 B. M. 517; Livermore v. Middlesboro Town Lands Company, 106 Ky. 140.

In 1910 this court, in the case of Vertrees v. Head & Mathews, 138 Ky. 83, decided that if one deceitfully or fraudulently, with knowledge of its falsity, makes a representation or assurance concerning the character or credit of another, it was not necessary to maintain the cause of action against him that such representation should be in writing, and that the statutes of fraud did not embrace such actions. But in 1914 the General Assembly enacted chapter 15 of the acts of that year. In the first section of that act it is declared that any person who shall knowingly make, or cause to be made, either directly or indirectly, any false statement *in writing* respecting the financial condition or means or ability to pay of himself or another, for the purpose of procuring either the delivery of personal property, the payment of cash, or the making of a loan or credit for the benefit of himself or such other person, shall be guilty of a felony, and fixing the punishment therefor. In the second section of that act, in dealing with the civil liability of persons in such cases, it is said:

"Be it further enacted that any person, an officer or agent of any corporation, or the agent of any person or firm who shall commit any one or all of the acts prohibited by section 1 of this act, shall be personally liable to any person, firm or corporation who shall suffer loss or damage thereby."

So far as criminal liability for making representations as to the credit or ability of one's self or another to pay, it has been held under this act that such representations not in writing do not now constitute false pretenses. Commonwealth v. Boyd, 181 Ky. 382, Commonwealth v. Dant, 194 Ky. 691; but there has been no interpretation of that act in so far as it bears upon the civil liability of one for making representations not in writing, as to the credit or ability of another to pay.

The second section of that act provides that any person who shall commit any one or all of the acts prohibited by section 1 of the act—that is, knowingly make or cause to be made any false statement *in writing* respecting the financial condition of himself or another—shall be personally liable to any one who shall suffer loss or damage thereby. It appears to us from this that the civil liability provided for in section 2, as well as the criminal liability provided for in section 1, were each intended to depend upon "any false statement in writing," and to

remedy what the General Assembly may have deemed an unfortunate ruling in the case of Vertress v. Head & Mathews.

But whatever may have actuated the General Assembly no reasonable interpretation can be given to that act in so far as it deals with civil liability, except that one to make himself liable for false representations as to the credit of himself or another must make those representations in writing, and not otherwise. The act on its face shows a purpose to deal with the whole subject matter both as to criminal and civil liability, and appears to be wholly inconsistent with any idea that one may incur any such liability, either criminal or civil, not in writing.

. The enactment in question, so far as it applies to civil lability, is in harmony with and along the same general lines as our statute against frauds and perjuries, and we see no cause to give it other than its obvious meaning.

Judgment affirmed.