## Eversole v. Chandler, et al.

(Decided December 14, 1926.)

## Appeal from Laurel Circuit Court.

1. Evidence—In Action for Deceit in Sale of Stock, Testimony as to What Other Purchasers Said to Witness Held Inadmissible as Hearsay.—In action for damages for deceit in sale of corporate stock, testimony as to what other purchasers, whose money was returned, said to witness, held properly excluded as hearsay.
2. Fraud—Testimony as to Other Purchases Under Different Conditions Held Inadmissible on Issue of Fraud in Sale of Stock.—In action for damages for deceit in sale of corporate stock testimony as to what other purchasers, whose money was returned, said to witness was properly excluded, where conditions of their purchase were different from conditions of plaintiff's.
3. Evidence—In action for Deceit in Sale of Stock, Testimony of Codefendant's Statements, Made in Defendant's Absence, Held Inadmissible Against Defendant.—In action for damages for deceit in sale of corporate stock, codefendant's statement, made in defendant's absence, held inadmissible against defendant.
4. Fraud—Testimony as to Representations Made After Purchase of Stock Held Inadmissible on Issue of Fraud.—In action for damages for deceit in sale of corporate stock, testimony as to representations by defendant made after plaintiff's purchase of stock and relating to entirely different transaction, held properly excluded.
5. Witnesses—Defendant's Testimony as to Decedent's Direction Respecting Sale of Stock Held Properly Excluded (Civil Code of Practice, Section 606, Subdivision 2).—In action for damages for

deceit in sale of corporate stock, in which defendant denied that he had sold stock to plaintiff, testimony by defendant that decedent instructed him to issue stock to plaintiff held properly excluded under Civil Code of Practice, section 606, subdivision 2.

6. Appeal and Error—In Action for Deceit in Sale of Stock, Admission of Evidence that Decedent Told Defendant to Issue Stock to Plaintiff Held Prejudicial Error.—In action for damages for deceit in sale of corporate stock, in which defendants claim that they never sold stock to plaintiff, admission of defendant's testimony on cross-examination, over plaintiff's objection, that decedent had told him to issue stock to plaintiff held prejudicial error; plaintiff not having waived right to object thereto by cross-examining defendant thereon.

7. Trial—In Action for Deceit in Sale of Stock, Plaintiff's Rebuttal Testimony that he did Not Buy Stock from Another Then Living Should Have Been Received.—In action for damages for deceit in sale of corporate stock, in which defendants claimed stock was sold to plaintiff by B., plaintiff's testimony that he did not buy stock from B., who was then alive, should have been admitted.

8. Witnesses—Statutory Prohibition Against Testifying to Omission by Deceased Includes Denial that Transaction Occurred (Civil Code of Practice, Section 606, Subdivisions 2, 6).—Prohibition of Civil Code of Practice, section 606, subdivisions 2, 6, against testifying as to act omitted to be done by person then deceased, includes denial that alleged transaction in fact occurred.

9. Witnesses—Testimony of Disinterested Witness, Claimed by Defendants to Have Sold Stock to Plaintiff, that he Delivered Stock to Decedent as His Agent, Held Admissible.—In action for damages for deceit in sale of corporate stock, in which defendants claimed stock was purchased from B., testimony of B. that he never discussed sale of his stock with plaintiff and, as he was not testifying for himself, that he delivered certificates to deceased as his agent, and that decedent was authorized to dispose thereof, held admissible.

10. Evidence—Testimony that Witness Had No Conversation with Deceased as to Purchase of Stock Held Inadmissible to Show that Plaintiff had no Such Conversation.—In action for damages for deceit in sale of corporate stock, testimony that witness never had any conversation with decedent, claimed to have ordered issuance of stock to plaintiff, as to purchase of stock, held inadmissible to show that plaintiff had no such conversation with decedent.

11. Fraud—Whether Fraudulent Representations were Made Before or After Purchase of Stock Held for Jury.—In action for damages for deceit in sale of corporate stock, evidence as to whether alleged fraudulent representations were made before or after plaintiff's purchase of stock held to present issue for jury.

12 Fraud—Misrepresentation Actionable if Made to Induce Another to Rely Thereon.—If alleged false representations were made by

defendant solely as secretary of corporation and without intent to induce plaintiff to purchase stock, he would not be liable.

13. Fraud—Instruction Using Word "and" Instead of "or" Held Erroneous as Requiring Finding of All Fraudulent Representations Alleged.—Instruction relating to alleged fraudulent misrepresentations inducing purchase of stock held erroneous in using word "and" instead of "or" in coupling such misrepresentations, thereby requiring jury to believe them all before finding for plaintiff.

LEWIS & LEWIS for appellant.

H. C. CLAY for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Abner Eversole brought this action against Charles Chandler and G. S. Brock to recover damages for deceit in the sale of 50 shares of the capital stock of the Harlan Block Coal Company. Brock went out on a peremptory instruction and the jury returned a verdict in favor of Chandler. Eversole appeals.

The action was based on the theory that Chandler and Brock sold appellant the stock and that the sale was induced by fraudulent representations which they made as to the financial and physical condition of the company. Appellant's evidence is to the effect that Chandler and Brock represented that they had the stock for sale and that he purchased the stock through them. He further claims that at a meeting held the night before the stock was transferred the false representations were made, and but for them he would not have purchased the stock. The defense was that the sale was not made by appellees, but that appellant was present at a meeting when Chandler as secretary made certain statements in regard to the company with a view to its reorganization, and the election of appellant as president. Appellees also show that N. U. Bond owned 50 shares of stock, which was indorsed and transferred by him to appellant. The certificate for this stock was cancelled and new stock issued to appellant.

We have read and reread with great care the evidence as to the statements made by Brock. All the witnesses admitted that he talked but very little in regard to the condition of the company, and there is absolutely no evidence that any statement that he did make was false. That being true, the court did not err in directing a verdict in his favor.

With respect to appellee, Chandler, complaint is made of the refusal of the court to permit L. R. Eversole, a witness for appellant, to state that he knew of some parties that bought some stock at the time they got theirs, and who had demanded and gotten their money back. As it was developed on the examination of the witness, in the absence of the jury, that all that he knew about the matter was what the parties told him, the evidence was properly rejected as hearsay. Not only so, but A. L. Morgan, one of the parties who got his money back, testified that he purchased his stock on condition that he liked the mine, and that after examining the property he did not want it. In other words, his purchase was made under different circumstances, and it is not perceived how the conditions of his purchase were material as to appellee, who did not purchase on like conditions.

It was not error to refuse to permit L. R. Eversole to testify that the first time Dr. Brock mentioned to him about the stock was when he was at the depot fixing to go away, and he said, "If we would buy the stock we could save ourselves at the—." Not only was Chandler not present, but there was no avowal as to what the witness would say.

A. L. Morgan testified that shortly after appellant purchased his stock he went to the place of business of the Harlan Block Coal Company. About a month later he was appointed trustee in bankruptcy. He sold the property at public sale and the entire assets brought $3,100.00. The court refused to permit the witness to tell what Chandler said to him about the condition of the property before he purchased certain stock from Chandler. It is insisted that this evidence was admissible for the purpose of showing that Chandler knew of the condition of the company at the time. As the excluded statements alleged to have been made by Chandler with reference to the assets of the company were not only vague and uncertain, but were made about ten days after appellant purchased his stock, and with reference to an entirely different transaction, we are unable to perceive how they illustrated any issue between appellant and appellee. It follows that the evidence was properly rejected.

While appellee Chandler was on the stand he made the following statement: "Judge Johnson handed me the stock and told me to issue that stock to Porter and Eversole." On motion of appellant this evidence was after-

wards properly excluded from the jury on the ground that appellee was testifying for himself concerning a transaction with Judge Johnson, who was then dead. Civil Code, section 606, subsection 2. Afterwards, on cross-examination, in reply to the question, "You had no instruction from Bond about it?" Chandler answered as follows: "No, sir; the gentleman I told you yesterday, whose name the court will not permit me to mention, Judge Johnson, handed me this stock and told me to issue this stock to Porter and Eversole according to their instructions." Appellant's objection, as well as his motion to exclude this evidence from the jury, was overruled. Chandler's defense was that he never sold the stock to appellant. Therefore, the evidence that Judge Johnson handed him the stock and told him to issue it to Porter and Eversole according to their instructions tended strongly to substantiate his claim that he never made the sale. In view of this situation, we are constrained to hold that the admission of the evidence complained of was prejudicial error, and that appellant did not waive his right to object by cross-examining the witness on the question. Saylor v. Saylor, 151 Ky. 694, 152 S. W. 763.

Appellant's evidence that he did not purchase the stock from N. U. Bond, who was then alive, or have any conversation with Bond with reference to the purchase of the stock, should have been admitted. His evidence that he did not purchase the stock from Judge Johnson, who was then dead, or have any conversation with Johnson with reference to the sale of the stock, was properly excluded. The Code provides that, except for certain purposes not here material, no person shall testify for himself concerning any verbal statement of, or any transaction with, or any act done or omitted to be done by one who is dead when the testimony is offered to be given. Civil Code, section 606, subsections 2, 6. Clearly, the inhibition against testifying to an act omitted to be done by a person then deceased includes even a denial that the alleged transaction in fact occurred. Black v. McCarley's Exor., 126 Ky. 825, 104 S. W. 987; U. S. Health & Accident Insurance Co. v. Jolly, 118 S. W. 281.

It was proper to permit N. U. Bond to testify that he never discussed the sale of his stock with appellant, and, as he was not testifying for himself, it was also proper to admit his evidence that he delivered the certificates to

Judge Johnson as his agent, and that Judge Johnson was authorized to dispose of the stock.

The court did not err in refusing to permit T. A. Porter and L. R. Eversole to testify that they never had any conversation with Judge Johnson as to the purchase of the stock which they acquired. If no such conversation took place, necessarily appellee was not present, and, as Porter and L. R. Eversole are not parties to the action, and their evidence related to a different transaction, it is clear that the fact that they did not have any conversation with Johnson was not admissible for the purpose of showing that appellant did not have any conversation with Johnson.

Complaint is made of the refusal of the court to permit Dr. Brock to testify that he had certain conversations with Porter and L. R. Eversole in regard to the purchase of the stock. As Brock had been dismissed as a party to the action, and as the alleged conversations occurred when appellee was not present, the conversations were not admissible against him.

Instruction No. 3 is as follows:

"If you shall believe from the evidence that the defendant, Charles Chandler, did not make the sale or sales of the stock mentioned in the evidence to the plaintiff, Abner Eversole,

"Or, if you shall believe from the evidence that the statements or representations made by the defendant, Charles Chandler, to the plaintiff, Abner Eversole, if any such were made, were made after said Eversole had purchased said stock in the Harlan Block Coal Company,

"Or, if you shall believe from the evidence that the statements made by the defendant, Chandler, to the plaintiff, Abner Eversole, if any such were made, were made by the defendant, Chandler, solely as the secretary of the said Harlan Block Coal Company, and without any purpose or intention upon his part to induce the plaintiff, Abner Eversole, to make the purchase of the stock mentioned in the evidence,

"Or, if you shall believe from the evidence that the statements made by the defendant, Chandler, to the plaintiff, Eversole, if any such were made, were substantially true and correct when made by the defendant, Chandler,

"Then, in either of these events, the law is for the defendant, and you should so find."

Complaint is made of that part of the instruction which authorizes a verdict for defendant if the statements or representations made by him were made after appellant purchased the stock. The basis of this contention is that the evidence did not authorize a submission of the issue to the jury. It appears that the stock certificates had been indorsed and were handed to appellee the next morning, with directions as to how the new certificates should be issued. No witness testified that the sale of the stock took place at the meeting the night before, when it is alleged the false representations were made. L. R. Eversole, appellant's son, on being asked, "Do you know whether Abner Eversole bought any stock or agreed to buy any that night?" answered as follows: "I think maybe he had already agreed to buy it." Not only so, but appellee testified that he never had any conversation with appellant in reference to the sale of the stock. In our opinion, these circumstances were sufficient to make it a question for the jury whether the sale had been made prior to the meeting.

It is also insisted that it was error to include in instruction No. 3 the following:

"Or, if you shall believe from the evidence that the statements made by the defendant, Chandler, to the plaintiff, Abner Eversole, if any such were made, were made by the defendant, Chandler, solely as the secretary of the said Harlan Block Coal Company, and without any purpose or intention upon his part to induce the plaintiff, Abner Eversole, to make the purchase of the stock mentioned in the evidence."

It is well settled that to establish actionable fraud it is necessary to show that the misrepresentation was made for the purpose of inducing the other party to rely on it. Commonwealth v. Harkness, Admr., 197 Ky. 198, 246 S. W. 803, and, considered in the light of the facts in evidence, the language complained of is a correct enunciation of this principle.

In view of another trial it is proper to add that in instruction No. 1 several alleged misrepresentations, though each class seems to be material, are coupled with the conjunction "and," thus requiring the jury to believe

them all before finding for plaintiff. The court will therefore amend the instruction by inserting the word "or" instead of "and" between the figures "$8,000.00" and the words, "that said company then owned the store and commissary," etc., occurring in the first part of the instruction. It will also substitute the word "or" for the word "and" immediately following the figures "$8,-000.00" and preceding the words, "that the money paid by the plaintiff for said fifty shares of stock."

Judgment reversed and cause remanded for a new trial consistent with this opinion.