## Hill v. Halmhuber.

(Decided June 8, 1928.)

### Appeal from Franklin Circuit Court.

1. Limitation of Actions.—Petition seeking recovery for fraudulent representation as to the financial status of corporation, inducing plaintiff to buy stock and become surety on corporation's note, stated cause of action for fraud as to which the five-year statute of limitations (Ky. Stats., sec. 2515), and not the one-year statute, was applicable.

2. Estoppel.—Party is not estopped by allegations made by him in pleadings in another action, unless the parties in both actions are the same.

3. Estoppel.—In action against cashier of bank for false representations, inducing plaintiff's purchase of stock, plaintiff held not estopped by his allegations in former suit, brought against him by the seller of the stock, to the effect that purchase was induced by the stockholder's fraudulent representations, where the defendant in the case at bar was not a party to the previous suit.

4. Statutes.—Where there is no repugnancy, intention of Legislature to repeal statute or common law will not be presumed, unless it clearly appears that statute was intended to cover entire subject, though statutes in derogation of common law are not strictly construed, under Ky. Stats., sec. 460.

5. Frauds, Statute of.—Alleged misrepresentations of bank cashier concerning financial status of another corporation, by which plaintiff was induced to purchase corporation's stock and became surety on corporation's note, held actionable, though not in writing; since Ky. Stats., secs. 1213b, 1213c, denouncing false statements in writing regarding another's financial condition by officers or agents of corporation, does not abrogate existing common-law remedy for fraud.

O'REAR, FOWLER & WALLACE, LESLIE W. MORRIS and ALLEN PREWITT for appellant.

T. B. McGREGOR and POLK SOUTH, JR., for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Appellant, Smiley Hill, brought this action for fraud and deceit against appellee, George Halmhuber, who was cashier of the People's State Bank of Frankfort, Ky., at the time the alleged fraudulent representations upon which the action is based were made. The petition and amended petition alleged, in substance, that Hill, relying on the fraudulent representations of Halmhuber, was in-

duced to purchase from one Sam Reid 18 shares of stock in the Frankfort Butter Company at $100 the share at a time when these shares were worthless by reason of the indebtedness and depleted assets of the company and to become surety on the company's note in the sum of $2,-000, the insolvency of the company, and the cosurety, Sam Reid, leaving him alone to satisfy a judgment on the note. The specific representations alleged to have been fraudulently made by Halmhuber were relative to the financial condition of the butter company and the purpose for which the proceeds of the $2,000 note were to be used. The petition, as amended, alleged that the butter company transacted its banking business entirely with the People's State Bank and prior to the making of the representations complained of had become indebted to the bank in the unsecured sum of $4,100 represented by a note of $1,200 and by an overdraft of more than $2,900, which had been accumulating from day to day for several months, and that Halmhuber, knowing of this indebtedness which rendered the company insolvent, represented to Hill that the debt of the company to the bank did not exceed $1,000, and that it was in a sound financial condition, and that he further represented that the company had 10,000 pounds of merchantable butter on hand then worth 52 cents a pound, when in truth it did not have any quantity of merchantable butter, and that, relying on these representations, Hill paid $1,800 for the stock. It was further alleged that, relying on these representations and the further representations that the proceeds would be used to buy more butter, Hill was induced to sign the $2,000 note as surety, and that, instead of placing the proceeds of the note to the credit of the company, Halmhuber applied it to the payment of the overdraft alleged to have been concealed from Hill. A full statement of the facts out of which this litigation arose will be found in People's State Bank v. Hill, 210 Ky. 222, 275 S. W. 694.

An answer composed of a number of paragraphs was filed, but we are only concerned with paragraphs 4, 5, and 6. In paragraph 4 the one-year statute of limitations was pleaded; paragraph 5 presented a plea of estoppel by reason of Hill's allegations in another proceeding in the Franklin circuit court, in which Sam Reid was plaintiff and Hill was defendant, and in which proceeding Hill filed a counterclaim in which he stated that he was

induced to buy the butter company stock by reason of the false representations of Reid. Halmhuber was not a party to that suit, nor is Reid a party to this suit. Paragraph 6 of the answer reads as follows:

> "For further answer herein defendant states that, if any representations were made by him as set out in plaintiff's petition as to the credit and condition of the Frankfort Butter Company or Sam Reid, which defendant denies, said representations were not in writing as required by the Kentucky Statutes in such cases made and provided, and this defendant is in no wise to be held responsible therefor, and defendant pleads and relies on same in bar of plaintiff's action."

Demurrers were filed to paragraphs 5 and 6 of the answer and a motion to strike that portion of paragraph 4 pleading the one-year statute of limitations. The demurrers and motion to strike were overruled and plaintiff declining to plead further, judgment was entered dismissing his petition and amended petition, and, from that judgment he has appealed.

The propriety of the trial court's action in overruling the demurrers to paragraphs 5 and 6 and the motion to strike certain portions of paragraph 4 of the answer is the only question involved on this appeal.

The cause of action set up in the petition and amended petition is for fraud and the five-year statute of limitations applies. Ky. Stats., sec. 2515. It follows that the trial court erred in overruling plaintiff's motion to strike so much of paragraph 4 of the answer as relied on the one-year statute of limitations as a defense. The court also erred in overruling the demurrer to paragraph 5 of the answer. A party is only estopped in an action by the allegations made by him in the pleadings in another action where the parties in the two actions are the same. In Mentz's Assignee v. Mahoney, 150 Ky. 409, 150 S. W. 503, we said:

> "The rule is that a party who alleges a fact in one suit is never estopped to show the truth in another suit where the parties are not the same as in the first suit or he was unsuccessful in the former suit."

In the course of the opinion the following from 11 American and English Encyclopedia of Law, 449, was quoted with approval:

"While the allegations and the pleadings in one suit are receivable against the party in a subsequent suit between him and a stranger as his solemn admission of the truth of the facts recited, yet the pleading is not admitted as conclusively establishing the facts alleged therein, but is open to explanation or rebuttal, or may be shown to have been made by mistake."

Here the former suit was between appellant and Sam Reid, and, as appellee was not a party to that action, he cannot rely on the pleadings filed therein by Hill to make out an estoppel in this action.

The defense relied on in paragraph 6 of the answer presents a more serious question. The trial court undoubtedly was impelled to overrule the demurrer to this paragraph on the authority of Ramsey v. Reynierson, 200 Ky. 624, 255 S. W. 274. In that case it was held that chapter 15 of the Acts of 1914, now sections 1213b and 1213c, Kentucky Statutes, covered the whole subject matter both as to criminal and civil liability relative to the making by any person of a false statement respecting the financial condition of himself or another, and that one to make himself civilly liable for false representations as to the credit of himself or another must make such representations in writing and not otherwise. Upon a careful reconsideration of the question we have concluded that the language employed in the latter part of that opinion was broader than the decision of the case required and went beyond the interpretation of which the statute is fairly and reasonably susceptible. The real basis of the decision in the Reynierson case was the failure of the plaintiff to prove fraud.

Statutes in derogation of the common law are not strictly construed under section 460, Kentucky Statutes, but repeals either of a prior statute or of the common law are not favored and if there is no repugnacy between the common law and the statute, the intention of the Legislature to repeal the former will not be presumed unless it clearly appears that it intended to cover the whole subject. Commonwealth v. Barnett, 196 Ky. 731, 245 S. W

874; Commonwealth v. Kentucky Distilleries & Ware house Co., 154 Ky. 787, 159 S. W. 570; Walker v. City of Richmond, 203 Ky. 481, 262 S. W. 628.

Section 1213b, Kentucky Statutes, makes it a felony for any person to knowingly make or cause to be made, either directly or indirectly, any false statement in writing regarding the financial condition or means or ability to pay of himself or another, for the purpose of procuring either the delivery of personal property, the payment of cash, or the making of a loan or credit for the benefit of of himself or such other person.

Section 1213c, being section 2 of the act of 1914, reads:

> "Be it further enacted that any person, an officer or agent of any corporation, or the agent of any person or firm who shall commit any one or all of the acts prohibited by section 1 of this act, shall be personally liable to any person, firm or corporation who shall suffer loss or damage thereby, for the full amount of such loss or damage, and this shall not operate to release or relieve such corporation, or the principal of such agent from liability for the act or acts of such officer or agent, but such officer or agent and the corporation, person or firm for whom he has acted in the premises shall both be jointly and severally liable therefor."

The purpose of this section was not to abrogate the existing common-law remedy for fraud, but to make it clear that an officer of a corporation or the agent of any person, firm, or corporation who commits any of the acts prohibited by section 1 of the act shall be personally liable to the person suffering loss thereby, and that the principal for whom he was acting shall likewise be liable. It will be noted that section 1213c does not apply to all persons who may commit the acts prohibited by section 1213b, but only to officers of corporations or persons acting as agents. It is clear, therefore, that the Legislature did not intend by this act to cover the whole subject. Furthermore, if the Legislature had intended to take so important a step as to repeal the common-law action of deceit where the false representations were not in writing, it is reasonable to assume that it would have expressed such intention in a clear and affirmative manner.

Since the decision in Ramsey v. Reynierson, supra, this court in three cases has held similar parol misrepresentations actionable. Eversole v. Chandler, 217 Ky. 148, 289 S. W. 215; Davidson v. First National Bank of Georgetown, 213 Ky. 417, 281 S. W. 152; Pulliam v. Gentry, 206 Ky. 763, 268 S. W. 557. While neither the Reynierson case nor section 1213c was referred to in any of these subsequently decided cases, it is apparent that the statute in question was not considered applicable. In Davidson v. First National Bank of Georgetown, it was said:

"Where one has actual knowledge that a material representation made by him is false, or where such representation is made without any reason to believe in good faith that it is true, or where such representation, if material, is in reckless disregard of the truth, a party who in reliance upon the same has taken such action as results in damage to him, he has a cause of action against the person so making the representation, even though the representor at the time had no direct interest in bringing about such action upon the part of the complainant. Trimble v. Reid, 97 Ky. 713 (31 S. W. 861, 17 Ky. Law Rep. 494).''

In so far as the case of Ramsey v. Reynierson is in conflict with the views herein expressed, it is overruled.

Judgment reversed, with directions to sustain the demurrers to paragraphs 5 and 6 of the answer and the motion to strike the plea of one-year limitation.

The whole court sitting.