## Ruby Lumber Co. et al. v. K. V. Johnson Co.

Jan. 16, 1945.

812

Gordon & Gordon & Moore, and Harlin & Harlin for appellants.

Allen, McElwain, Dinning & Clark for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant, a trading copartnership, was plaintiff below; appellee Johnson (Construction Company) during October, 1942, was principal contractor engaged in building a state highway. The Lumber Company subcontracted with Johnson to build culverts, and in doing its work had employed laborers to fill in about culvert abutments. One of its employees was Arrington, operating a tamping machine. While thus engaged one of Johnson's trucks ran against him, breaking his leg and ankle.

The Lumber Company later filed a Declaration of Rights petition, making Johnson defendant, in which the above facts were set out, further alleging that the injury was caused by the negligence of Johnson. The petition showed that both contractors were operating under our Compensation Act, KRS 342.001 et seq., and Arrington had accepted its provisions. The pleading alleged that while Johnson's negligence had caused the injury, yet by reason of the provisions of the Act the Lumber Company was liable for compensation, and this being so it had paid and was continuing to pay him during his disability, as well as expenses for medical and surgical treatment. It was said that Arrington, still disabled, was not claiming compensation, or asserting liability for compensation as against defendant.

The remainder of the pleading sets out the conten-

tions of parties, and clearly presents the issue; that is the application of law to the facts which, of course, are admitted on demurrer. Appellant relies solely upon common law principles as applied to the facts, and in the light of our construction of certain sections of our statutes. Appellant is not asserting any right to subrogation, but is claiming its right to be indemnified on the broad ground that it is entitled to recompensation for money paid out by it, only by virtue of the statute, but for a loss imposed upon it solely by the negligent act of a principal, the real tort feasor. It contends that as a matter of law, wholly apart from any statute, ruling of the court or express contract, it is under the facts entitled to indemnity, "regardless of any operation whether the wrongdoer owed the other any particular or special duty not to be negligent or not." There is no question presented of contribution or duties resting upon joint tort feasors, nor rights and duties as between principal and independent contractors. The defendant disputes the legal claim of plaintiffs in toto, and denies any liability on the ground that the common law has no application because the rights and remedies of all parties operating under the Act are fixed and determined by that law as we have construed particular sections, to which reference will be made.

The principle relied on by appellant is clearly stated in 42 C. J. S., Indemnity, secs. 20, 21:

"The obligation to indemnify may grow out of an implied contractual relation or out of a liability imposed by law. Thus, where one is compelled to pay money which in justice another ought to pay, * * * the former may recover from the latter the sums so paid, unless the one making the payment is barred by the wrongful nature of his conduct. * * *

"It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and is compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity, provided they are not joint tort-feasors * * *. This right of indemnity is based on the principle that every one is responsible for his own negligence, and if another person has been compelled by the judgment of a court * * * to pay

the damages which ought to have been paid by the wrongdoer they may be recovered by him. It exists independently of statute, and whether or not contractual relations exist, * * * and whether or not the negligent person owed the other a special or particular legal duty not to be negligent.''

The general rule is that before one who has paid damage may be entitled to indemnity or restitution from another, it is essential that such other should be primarily responsible for the negligent act which caused the injury. 31 C. J., Indemnity, sec. 50; 42 C. J. S., Indemnity, sec. 24. In support of the principle appellant cites many domestic cases, the majority being those in which a municipal corporation having paid damages for injuries proceeded at law against others, chiefly property owners or contractors who were shown to have been primarily responsible for the tort: City of Georgetown v. Cantrill, 158 Ky. 378, 164 S. W. 929; Board of Councilmen of Harrodsburg v. Vanarsdall, 148 Ky. 507, 147 S. W. 1; Robertson v. Paducah, 146 Ky. 188, 142 S. W. 370, 40 L. R. A., N. S., 1153; Blocker v. Owensboro, 129 Ky. 75, 110 S. W. 369; City of Georgetown v. Groff, 136 Ky. 662, 124 S. W. 888; City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S. W. 172.

The citation of the numerous municipal cases draws from appellee the observation that these involved the right of the City to recover damages, or indemnity from third persons for moneys paid or to be paid where the injury was due to negligence of contractors or owners of property directly responsible. This is true, but the principle is not limited to the rights of municipal corporations. It is also remarked that there is an entire absence from appellant's brief of any fitting case arising under compensation laws. However, a casual reading will manifest that the principle has been upheld generally in most jurisdictions, and in our own. Among ours there are Middlesboro Home Tel. Co. v. Louisville & N. R. Co., 214 Ky. 822, 284 S. W. 104; Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S. W. 2d 139; Parker v. Stewart, 296 Ky. 48, 176 S. W. 2d 88; Louisville & N. R. Co. v. Southern R. Co., 237 Ky. 618, 36 S. W. 2d 20; Livingston & Co. v. Philley, 155 Ky. 224, 159 S. W. 665. The principle is well established in this jurisdiction, and we agree with counsel that there is no

necessity to indulge in an academic discussion. We also agree that the only question presented is whether or not under our construction of certain sections it applies in the instant case; whether our construction precludes a subcontractor who has paid compensation to his employee by virtue of the Act, from recovering damages (to the extent only of compensation paid) from the general contractor whose negligence caused the injury.

It is argued by appellee that if it be held to be an "employer" within the meaning of the Act (342.015, KRS) he is released from all liabilities to the injured employee, other than by way of compensation. We need not discuss at length the question of whether or not the principal contractor is the "employer" who is subject to pay compensation to the injured employee. There is no contention that the direct employer (subcontractor) is not primarily liable to compensate. Under our construction of the section we have held that when the employer and employee are working under the 'Act the employee, and his personal representatives, are bound by the election and must proceed thereunder and not otherwise, Taylor's Adm'r v. Bates & Rogers Construction Co., 196 Ky. 206, 244 S. W. 693, except in cases to which the exceptions apply when suit may be brought at law, and then there can be no claim for compensation. This applies to the rights and remedies of employees for compensation as against the direct employer who is made liable for compensation, and has no application to the question as to whether the one who is primarily liable for compensation to an injured employee may or may not recover damages of another guilty of the negligence which caused the injury.

It is then argued by appellee that by our construction of KRS 342.055, 342.060, the right of a subcontractor to sue the principal is established; that any right to common law remedy is excluded by implication by the granting of such right only as against a third party in whom legal liability for the injury and consequent damages exists. It is pointed out that we held in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S. W. 1068, the principal contractor was not "such other" person as could be sued for damages by the employee of the subcontractor. Counsel for appellee asserts that the reason the employee (McEvilly case) could not there sue the gen-

eral contractor was that no "liability existed against such general contractor because all the parties had elected to operate under the Compensation Act," which makes the general contractor also an employer. The chief reason for holding that the employee did not state a cause of action was that "there was no pretense that the defendant (general contractor) was in anywise responsible for the defective condition of the brakes on the engine of its subcontractor." We did say that had it been otherwise there would not have existed legal liability in favor of the employee as against the general contractor, because the words "some other person" relate to a stranger to the contract, to the employee and the operating parties, if all are under the Act.

Counsel for appellant contends that the part relating to construction of the statute, aside from the facts, was not to the point in question. However, in Jennings v. Vincent's Adm'x, 284 Ky. 614, 145 S. W. 2d 537, 539, we put the stamp of approval on that part of the McEvilly case which said that the general contractor was not "some other person." In that case we distinguished Dillman v. John Diebold & Sons Stone Co., 241 Ky. 631, 44 S. W. 2d 581, in which it appeared that the employee of a principal was injured by the negligence of a subcontractor. In construing sections 4890 and 4891, KS, we held that in respect of a principal contractor's employees, the subcontractor is "some other person" within the statutory meaning. We wrote that it was not the intention of the legislature to give injured employees of subordinate contractors both compensation and damages from prior contractor. In short, we held the statute to operate "downward in so far as the liability of the principal or prior contractor is concerned, and upward in so far as the employee's right of compensation is concerned."

Tennessee, as appears from Workmen's Compensation Code, sec. 6851 et seq. has provisions similar to our 342.055, 342.060. These sections were construed by the Supreme Court of that State recently in Adams v. Hercules Powder Company, 180 Tenn. 340, 175 S. W. 2d 319, 151 A. L. R. 1352. That court indorsed and followed The McEvilly and Jennings cases, and others from its own and other jurisdictions. There are, however, cases holding that an injured employee may sue the principal

contractor for damages. Corbett v. Starrett Bros., 105 N. J. L. 228, 143 A. 352; Artificial Ice & Cold Storage Co. v. Waltz, 86 Ind. App. 534, 146 N. E. 826, but it is pointed out in the Adams case that differences in the statutes of the various states make it difficult to apply the opinions from courts of other jurisdictions. In all the cases cited, and which so far have been observed, our court and courts of other States have not been called upon to construe the statutes with respect to the right of a subcontractor to sue a principal contractor for indemnification on the theory that his negligence caused the injury, this upon the principle of common law that a person who without fault on his part is compelled to pay damages occasioned by the negligence of another is entitled to indemnity, regardless of the absence of relations by contract. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422.

In Langston v. Selden Breck Construction Company, 225 Mo. App. 531, 37 S. W. 2d 474, the court held that a subcontractor's employee, injured by the negligence of the general contractor, could sue at common law, it being a third person as the statute was construed. However, the striking point decided was that the liability of an employer excluded by the scope of the Compensation Act (as is done by our decisions) must necessarily be determined by rules of common law. As we read the opinion it seems to mean that if the party who is responsible for the injury is relieved of liability by reason of the construction of the statute, then the proper party may proceed at common law for redress. We are not placing stress upon the holding in the Langston case on the "third party" point, because in Wors v. Tarlton, 234 Mo. App. 1173, 95 S. W. 2d 1199, 1206, so much only of the Langston case as held the principal contractor to be "a 'third person'" was overruled.

Counsel for appellee contends that our holding that the employee cannot sue the principal contractor under section 342.055, because he is not a third party, is based on the provisions of section 342.060, which, as has been held, gives a remedy in the way of compensation to the employee as against both the principal and the subcontractor in every case of injury to the employee. This construction apparently means that if the injured employee cannot obtain compensation from his immediate

employer, he may have recourse upon the principal. The effect is that the employee is fully protected insofar as his benefits to compensation are concerned, and thus the real purpose of the Act is conserved. But counsel for appellant correctly says that section 342.055 does not apply here and makes the strong point that neither of the sections supra deal with or undertake to abrogate the common law insofar as it relates to the common law liability of the principal for irjury occasioned by his tortious act. In this argument there is much force and is the real point in the case since our ruling in the McEvilly and Jennings cases, supra, which counsel insists should be overruled because leading to an absurdity. This we are not inclined to do, since these cases seem to give proper construction to the sections in those cases where the employee seeks relief by way of damages from the principal contractor; these sections are only restrictive as to his rights to proceed.

As we read the involved sections, and the entire act, we find nothing which can be construed to deprive the subcontractor of the right to recoup at common law, limited in damages as is well settled, to the extent of compensation for which the subcontractor is liable by reason of the statute. While we are under the duty of giving a liberal construction to the Act for the benefit of employees, we are not called upon to give the Act such a strained construction as would relieve an admitted tort feasor of liability for injury, or to saddle upon an innocent party the financial loss, which by the construction of the Act he is required to bear primarily.

Section 342.055, as we have seen, relates solely to the rights of an injured employee to claim compensation under the Act as against the employer, or at law against "such other person," but not to collect from both, and the further right of the employer or his insurance carrier to recover, in his own or the name of the employee from the "other person" in whom legal liability existed. This section has naught to do with the right of a subcontractor to recover of the tort feasor damages limited to the extent of compensable liability. Nor is there anything in sec. 342.060, as it has been construed, to go further than to imply that the rights of the innocent subcontractor are dealt with or fixed. We have construed it so as to grant the right to an injured employee of the

principal contractor to sue the subcontractor because he was "some other person," insofar as the principal contractor was concerned; this does not preclude the subcontractor from suing at law the principal contractor for damages caused by his negligence.

The principle of law established in this and other jurisdictions, to the effect that repeals by implication are not to be looked upon favorably, is so well known that extensive citations are not necessary; we expressed it in the recent case of Longsdon v. Howard, 280 Ky. 342, 133 S. W. 2d 60. Repeals by implication are not favored and never declared unless clearly made to appear. What is true of statutes is true as to the common law. The Constitution provides that all common law should be in effect in this State until repealed or altered by the Legislature. Section 233 of Const. and (1) of Schedule. Commonwealth v. Allen, 235 Ky. 728, 32 S. W. 2d 42. We are not at liberty to ignore the common law totally. Floyd v. Christian C. W. and O. Home of Kentucky, 296 Ky. 196, 176 S. W. 2d 125, 151 A. L. R. 1230. We have held that the intention to abrogate the common law is not presumed. The intention to repeal must be clearly apparent. Hill v. Halmhuber, 225 Ky. 394, 9 S. W. 2d 55; Com. v. Barnett, 196 Ky. 731, 245 S. W. 874.

We cannot conclude that it was the intention of the Legislature to abrogate the common law by the provisions of the Statute discussed, or to omit any provision in respect of the right of a subcontractor to recover damages from one liable for the damage. No good reason for the omission is advanced. Certainly the conclusion we have reached here is not contrary to public policy. We may well repeat our expression in Graham v. John R. Watts & Son, 238 Ky. 96, 36 S. W. 2d 859, 863, "when it is necessary to apply old principles to new facts or to employ a remedy to fit altered situations and conditions, it is not only proper, but it is the duty of courts to do so to the end that justice may be administered." To uphold the contention of appellees would result in taking from the subcontractor substantial monetary rights for an admitted negligent act of the principal, not doing substantial justice.

This is a declaratory proceeding, and the court below was asked to declare the rights of the parties. Such

820

declaration went no further than to hold that the plaintiff had not stated a cause of action. We shall go no further than to declare that plaintiff did state a cause of action, and that the order sustaining the demurrer should be set aside and an order entered overruling the demurrer, the case to proceed in conformity herewith.

Judgment reversed.