## Board of Councilmen, City of Harrodsburg v. Vanarsdall.

(Decided May 23, 1912.)

### Appeal from Mercer Circuit Court.

1. Master and Servant—Servant at Work Outside of Contract.—A plumber doing work by contract is the servant of the owner, when doing with his authority work outside his contract, such as digging a hole in the sidewalk.

2. Municipal Corporations—When Property Owner Liable to City—Personal Injury.—The property owner is liable to the city where he has a hole dug in the sidewalk and a person injured thereby recovers against the city.

3. Municipal Corporations—Notice—When Judgment Against City Conclusive Against Property Owner.—When the property owner has notice of the suit against the city, the judgment in that case against the city is conclusive against him.

C. E. RANKIN for appellant.

E. H. GAITHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

C. S. Vanarsdall owns a house and lot on College street in the city of Harrodsburg, Kentucky. He desired to put in a bath room in his house and contracted with John H. Adams, a licensed plumber, in the city, to do the plumbing work. A sewer pipe had to be put in from the house out to the sewer in the street. There was a water pipe on the lot and the connection had to be made with it to take the water up to the bath room. It was agreed between Adams and Vanarsdall that Vanarsdall would dig the ditch and have it filled up, Adams was only to do the plumbing work. Vanarsdall employed a man to dig the ditch for the sewer pipe and Adams laid the pipe in the ditch and made the connection with the sewer. The ditch was dug out to the sidewalk and then they tun-

neled under the sidewalk and thus reached the sewer, and, in doing this, they took up some of the brick of the sidewalk; when this had been done and Adams had placed in the bath room the closet, wash basin, etc., he told Vanarsdall he was ready to make the connection with the water pipe and in order to do this it would be necessary to cut off the water from the pipe. Vanarsdall and Adams then went out to look for the cut-off; between the pavement and the curbing was a grass plat about three feet wide. They took a pick and dug about in this gross plot trying to find the water box which had been covered up with dirt, but they failed to find it. Adams and Vanarsdall then went down town to find the plumber who put it in so as to learn from him where the box was and he told them where the box was. Vanarsdall did not go back with Adams, but Adams went back by himself to look further for the box. After digging around awhile he found the box and when he got it open he found the cut-off was out of order and that the box was rusted out. In order to cut the water off he dug out a considerable hole around the water box, throwing the dirt upon the pavement. Finally he got the water box put and put it on top of the dirt; after this he cut off the water and made the connection as he desired to do. It was then late in the afternoon and he went home leaving the hole, and the material that came out of it, just as he had placed it. Not long after dark, Rebecca Sallee, an old woman walking along the pavement, fell over the brick, dirt and water box into the hole and received injuries to recover for which she brought a suit against the city. On the trial of that case there was a verdict and judgment for her in the sum of $300, which on appeal was affirmed by this court. City of Harrodsburg v. Sallee, 142 Ky., 829. The city after paying that judgment brought this suit against Vanarsdall to recover of him the amount which it had paid Rebecca Sallee. On the trial of the action proof was introduced which showed the facts above stated, also that Vanarsdall had notice of the prior suit against the city and was present at the trial. He testified that he was not present when Adams was digging the hole and did not return home until after Adams had left, or know what Adams had done until the next morning, when he put some plank over the hole so that nobody would fall in the hole and be hurt. Adams left the hole as it was saying he was

only employed to do the plumbing and was not required by his contract to do any digging or to do any filling where digging had been done. It is insisted for Vanarsdall that he is not responsible for the negligence of Adams, as Adams was an independent contractor, and he had no notice of what Adams had done until after the injury to Rebecca Sallee. The circuit court took this view of the matter and peremptorily instructed the jury to find for Vanarsdall. The city appeals.

When the case was here before the city was held liable on the ground that the proof then before the court showed that the city had notice of the trouble and had by negligence failed to take any precautions to protect the traveling public. The liability of the city for the accident is fixed by the judgment rendered in that case which was based on the evidence then before the court. We have held in several cases that the party primarily guilty of negligence is liable to the city where it has been held liable by reason of an obstruction on the streets placed there by him or a nuisance created by him; so the question here is, was Vanarsdall primarily liable to Rebecca Sallee?

He had made a contract with Adams to do the plumbing work, but Adams' contract included nothing but the plumbing work. Adams was not bound by his contract to dig a ditch or hole or to do any filling work where a ditch or hole had been dug. During the progress of the plumbing work it became necessary to cut off the water from the pipe and to do this it was necessary to reach the cut-off. Vanarsdall undertook to help Adams find the box and he understood when Adams left him, after they saw the other plumber, that Adams was going back to try and find the box. In finding the box, and doing the work that was necessary to cut off the water, Adams was working for Vanarsdall, that is, he was doing work that was necessary for the completion of the work he had undertaken and was outside of his contract. In digging up the box and getting down to the cut-off Adams was working in Vanarsdall's business and he testified that he left the hole open so that a new box might be put in and so told Vanarsdall. Vanarsdall knew that Adams was digging or would dig on the sidewalk to cut off the water and it was incumbent on him to see that the work was so done as not to create there a nuisance. In Matheny v. Wolffs, 2 Duvall, 137, a contractor made an exca-

vation on a lot adjacent to the sidewalk and the owner was held liable; the court said:

"The excavation up to the pavement rendered the street insecure and dangerous; consequently, a nuisance, unless properly protested by sufficient lights, guards, safeguards, or barricades to warn off passers. Proprietors have the legal right to excavate their lots for building purposes up to the very edge of the street, and perhaps to encroach on the street, and for this purpose have the right to use that part of the street for a reasonable time to the exclusion of the public; but this legal right must be exercised in a prudent, legal manner; and in populous cities the public interest and individual safety impose responsibilities from which such proprietors cannot escape; neither can they, by private contract, shift this responsibility upon undertakers or others. Hence the distinction, that, when an act must necessarily result in a nuisance, unless it be prevented by the proper precautionary measures, the proprietor is bound to the exercise of such measures, else he must answer in damages for injuries resulting to others from neglect thereof. No matter what may have been his contract with the undertakers, in such a case his responsibility does not depend on the relation of master and servant nor principal and agent, but results from others doing, at his instance, that which must needs result in a nuisance, unless prevented by the appropriate precautions."

The rule announced in this case was followed in Baumeister v. Marcum, 101 Ky., 123; Young, &c. v. Trapp, 118 Ky., 813; see also Chicago v. Robbins, 2 Black, 726.

The hole which Adams dug was adjacent to Vanarsdall's property. The whole with the brick, dirt and water box placed as they were rendered the sidewalk unsafe and was a nuisance. It is incumbent on property owners when they have excavations made on their property, or adjacent to them in the street, to see that the street is kept reasonably safe for the public and if they fail to do this they are primarily liable, not the city, when it has nothing to do with the creation of the trouble. Vanarsdall having notice of the previous action and being present at the trial is concluded by the judgment against the city. (Washington Gas Light Co. v. District of Columbia, 161 U. S., 316; City of Georgetown

v. Groff, 136 Ky., 662; Blocher v. Owensboro, 129 Ky., 75.)

Under the evidence the court should have instructed the jury peremptorily to find for the city the amount it had paid on the judgment in favor of Rebecca Sallee.

Judgment reversed and cause remanded for further proceedings consistent herewith.