## City of Georgetown v. Cantrill, et al.

(Decided March 27, 1914.)

### Appeal from Scott Circuit Court.

1. Municipal Corporations—Removal of Trees—Obstruction of Street.—Where it is the duty of a contractor under his contract with the city to remove certain trees in the changing of the grade to put down a pavement, and after the trees are felled and the property owner asserts title to the logs coming out of the trees, but does not undertake to interfere with the duty of the contractor under his contract to remove them, the property holder is not liable to the city in an indemnity action against the property owner where the city has been required to pay damages resulting from the obstruction of the street by the logs.

2. Municipal Corporations—Removal of Trees—Change of Grade of Street—Obstruction.—The contractor, whose duty it is under his contract to remove the trees cut down in changing the grade of a street, who has piled the logs coming from the trees out in the street, and refuses to remove the same when notified so to do by the city, must indemnify the city where it has been held liable in damages by reason of the obstruction, the primary negligence being that of the contractor.

3. Torts—Tort Feasors—Rule as to Indemnity Among.—While it is the general rule that there can be no indemnity as among tort feasors, where they were not in fault to the same degree, and the fault of the one from whom the indemnity is sought was the primary and efficient cause of the injury for which the other has been held liable, the right of indemnity exists.

4. Torts—Tort Feasors—Liability of One for Wrongful Act of Another.—Where the undisputed evidence shows that one tort feasor has been held liable in damages by reason of the primarily wrongful act of another, in which wrongful act he was not an active participant, he is entitled to a peremptory instruction as against the original wrong-doer.

B. M. LEE for appellant.

TALBOTT & WHITLEY, H. CHURCH FORD for appellee Cantrill.

BRADLEY & BRADLEY for appellee, Donovan.

OPINION OF THE COURT BY JUDGE TURNER—Affirming as to Mrs. Cantrill and reversing as to Donovan.

On the night of September 14th, 1908, Mrs. Carrie D. Groff while driving along Chambers avenue in Georgetown ran into or over a pile of logs or posts which had been left in the street by James P. Donovan, who, under

a contract with the City of Georgetown, was putting down a concrete pavement on that avenue in front of the property of Mrs. Cantrill, and in the putting down of which it was necessary to cut down certain trees in changing the grade, and in his contract with the city he had undertaken to remove these trees.

Mrs. Groff instituted an action against the city for $10,000 in damages for the injuries received by her, and recovered on the first trial a verdict and judgment for $5,000 against the city, which upon appeal to this court was reversed and sent back for a new trial (City of Georgetown v. Groff, 136 Ky., 662. Upon another trial in the circuit court she recovered a verdict and judgment for $4,500, which, however, was compromised by the payment to her by the city of $3,038.55.

Thereafter the city instituted this action against Mary C. Cantrill and James P. Donovan seeking indemnity from them and each of them, alleging in substance that the injury to Mrs. Groff, for which the city had been compelled to pay, was the result of the joint and concurring negligence of the two defendants in placing said logs or posts in the said street and permitting them to so remain an unreasonable and unnecessary length of time. The defendants answered separately, Mrs. Cantrill denying that she had any interest in or control over the logs so placed in the street, or that she prevented Donovan from removing the same, or that she alone or jointly with Donovan placed the same in the street or caused the same to remain there until the accident. Donovan in his answer pleads that Mrs. Cantrill was the owner of the logs or posts and ordered him not to remove the same, and denies that he jointly with Mrs. Cantrill left the logs in the street, and alleges that he ceased to exercise any control over them after she ordered him not to remove them. In a second paragraph he alleges that after the trees were cut down and while he was removing same the defendant, Cantrill, informed him that the trees belonged to her and to leave the logs where they were, and in accordance with such direction he ceased to remove the said logs or posts, and so informed the Mayor of the city, and the Mayor agreed and consented to leave said logs where they were until he could see Mrs. Cantrill and make arrangements for their removal, and that under this arrangement he (Donovan) ceased to exercise any control, whatsoever, over the logs and trees; in a third paragraph he pleaded

that by reason of the said above agreement with the city
that if there was any negligence on his part that he and
the city by reason of the said agreement were joint tort
feasors.

Upon the trial in the Scott Circuit Court the jury re-
turned a verdict for the defendant, Donovan, and failed
to agree as between the city and Mrs. Cantrill; the city
promptly filed motion and grounds for a new trial as
against Donovan, and while they were pending the de-
fendant Cantrill entered a motion for a change of
venue, which was heard and disposed of while the motion
for a new trial against Donovan was pending.  The
court granted the motion for a change of venue and re-
moved the cause as between the city and Mrs. Cantrill
to the Grant Circuit Court.  Upon the calling of the case
in the Grant Circuit Court the city entered a motion to
remand the case to the Scott Circuit Court, which was
overruled, and upon the trial in the Grant Circuit Court
as between the city and Mrs. Cantrill a verdict was re-
turned for the defendant Cantrill.  After the change of
venue had been granted the motion and grounds for a
new trial by the city as against Donovan in the Scott
Circuit Court were overruled, and the city has appealed
from both judgments.

It is insisted for the city that the change of venue
granted Mrs. Cantrill was error for two reasons, (1)
because under the evidence heard on that motion she
was not entitled to the removal, and (2) because her
joint defendant Donovan did not join in the motion, and
the suit as between Donovan and the city was then
pending on a motion for a new trial.

But, in view of our conclusion hereinafter stated that
Mrs. Cantrill was entitled to a peremptory instruction
to find for her, there could have been no prejudicial error
in granting the change of venue.

We will first consider the evidence bearing upon the
liability of Mrs. Cantrill.

It is testified to by some of the city officials that be-
fore entering into the contract with Donovan they pro-
cured from Mrs. Cantrill an agreement that the trees
might be removed; and Donovan testified that he had
supposed under his contract with the city that he would
have the right to the logs or posts coming out of the
trees for removing them, but, that after the logs were
cut and piled up in the street and before the accident Mrs.
Cantrill told him she had seen her attorney and that the

deed and records showed that the trees were hers, and for him not to haul away any more of the logs until she instructed him about where she wanted them; that they were her posts and he must not sell them; and he in another place says that she told him not to remove them.

Donovan's foreman testified that Mrs. Cantrill told him that the logs belonged to her and not to haul them away, and another one of Donovan's employes testified that he had hauled one load of posts away for Mr. Donovan out to a rock quarry, and that Mrs. Cantrill told him she wanted the other logs to go out to her farm. This was all of the evidence introduced by the city as to the claim of ownership or exercise of control by Mrs. Cantrill over these logs or posts.

It is perfectly apparent from the testimony of the witnesses for the city that Donovan thought or claimed that the logs or posts were his, and that Mrs. Cantrill, learning of this claim by Donovan merely intended by what she said to them, to assert her title to the logs, and not to interfere with the duty which Donovan owed under his contract with the city to remove them. It is admitted by Donovan on cross-examination that he did not consult Mrs. Cantrill about piling these logs out in the street, and that she never objected to removing them back into the gutter near the edge of the side-walk from which place he had taken them.

It appears from the testimony that when the trees were first felled the timber was cut into posts-lengths and remained along or near the sidewalk and guttering until Donovan desired to clear out the guttering, when the posts were stacked in four or five piles out some four to six feet from the sidewalk in which position they were when Mrs. Groff was injured.

There is no pretense or claim that Mrs. Cantrill directed these posts to be so piled out in the street, or that she gave any such order or direction as would have prevented Donovan from removing them from this dangerous place. The evidence for the city itself, when given its fullest effect only means that Mrs. Cantrill asserted her ownership of the posts and was protesting against them being sold or converted by Donovan. She had not piled the posts out in the street and had not by her orders or directions prevented Donovan from removing them therefrom. Under these circumstances she would not have been liable to Mrs. Groff for her injury, and of course, cannot be held liable to the city for indemnity.

Under the evidence of the city Mrs. Cantrill was not shown to have been guilty of any negligence, and was, therefore, entitled to the peremptory instruction for which she asked.

But as to the appellee Donovan the case presents a very different aspect; under his written contract with the city it was his duty to remove these trees without regard to who was the owner of the logs taken from them. It is in evidence by the city officials and Donovan himself that upon several occasions before the injury to Mrs. Groff he was directed, and even urged, by city officials to remove these piles of posts from the street, and his only reason then or now given is that Mrs. Cantrill had directed him not to move them. Our analysis of the evidence given above is conclusive that this was a mere subterfuge; he thought himself the owner of the posts and started to move them, but when he ascertained, as he thought, that Mrs. Cantrill was the owner, he refused to carry out his contract with the city and evidently expected to compel Mrs. Cantrill herself to do what he had undertaken to do, viz., to remove these posts.

The admitted facts show that the primary negligence was Donovan's; he piled the logs out in the street without orders or directions from Mrs. Cantrill or anybody else; he refused to remove them from the street when notified so to do by the city authorities, and when Mrs. Cantrill had never signified her objection to their removal except to assert her ownership in them as against his; he admitted in his testimony that Mrs. Cantrill had never directed him not to remove the posts back from out in the street to the gutter or pavement from which he had taken them, and the fact that immediately after the injury to Mrs. Groff he removed these posts without consulting Mrs. Cantrill is persuasive that he knew all the time she was only asserting title to the posts and not forbidding their removal by him under his contract with the city.

The recovery in this case by Mrs. Groff against the city was because of the city's failure to keep its street in a reasonably safe condition for public travel, and the city having satisfied that judgment, now seeks indemnity against Donovan because his negligence was primarily the cause of the injury for which it has been held liable.

It is the well known general rule that there can be no indemnity as among tort feasors, but in this State and elsewhere there are two well known exceptions to this general rule as pointed out by this court in the City of Georgetown v. Groff in its quotation from the case of Geneva v. Brush Electric Co., 50 Hun., 581.

One of those exceptions is where both parties have been in fault, but not in the same fault towards the injured party, and the fault of the one from whom the indemnity is sought was the primary and efficient cause of the injury. The facts of this case appear to bring it well within that exception.

Donovan placed the obstruction in the street; the city knowing of it demanded of him that he should remove it as he had contracted to do; as between him and the city primarily it was his duty to remove it, and this duty he refused to perform and because of such refusal Mrs. Groff was injured; as between Mrs. Groff and the city it was liable because of its failure to keep its streets in safe condition for travel; as between the city and Donovan he is liable because of his failure to carry out his contract with the city which thereby made the city liable to Mrs. Groff for the injury which she received.

The right of indemnity as between tort feasors where one has been held liable by reason of the primarily wrongful act of another, where the one originally held liable was not an active participant in the wrongful act, was fully recognized in the case of Blocker v. City of Owensboro, 129 Ky., 75, where it is said:

"It is well settled that, although a person injured by an obstruction in the street may sue the city alone, or both the city and the person who placed the obstruction in the street, and recover damages against both, and look to either or both for satisfaction of the judgment, yet as between the wrong-doers the city may, if it is required to satisfy the judgment, recover the amount thereof from the person who placed the obstruction in the street."

This principle has since been reaffirmed in the cases of Robertson v. City of Paducah, 146 Ky., 188; Pullman Co. v. T. P. Railroad Co., 147 Ky., 498; Harrodsburg v. Vanarsdell, 148 Ky., 507.

The case of Harrodsburg v. Vanarsdell was where a property holder dug a hole in the pavement in which a pedestrian fell and injured herself, and sued the city for its failure to keep its streets in a reasonably safe

condition and recovered a verdict. The city then sued the property holder and this court held that under the evidence the city was entitled to a peremptory instruction as against the property holder.

The principle involved here is the same as in that case; there the primary negligence was that of Vanarsdell in digging a hole in the sidewalk; here the primary negligence was that of Donovan in piling the posts out in the street and refusing to remove them when notified so to do by the city as it was his duty to do under his contract.

Under the evidence as it appears in this record the city was entitled to a peremptory instruction as against Donovan.

For the reasons given the judgment is affirmed as to Mrs. Cantrill and is reversed as to Donovan, with directions to grant appellant a new trial and for further proceedings consistent herewith.