## Hogg v. Caudill.

(Decided March 12, 1929.)

ASTOR HOGG for appellant.

HAWK & LEWIS for appellee.

Opinion of the Court by Judge Clay—Reversing.

George Hogg and Stephen Caudill were partners in the business of cutting, sawing and marketing certain timber, which they owned jointly, on land in Letcher county. The firm name was Hogg & Caudill. At the same time Stephen Caudill was operating a steam sawmill near the timber on Little Cowan creek, and Hiram Johnson was one of his employees. During the course of his employment Johnson was injured, and, in settlement of his claim for damages, Caudill entered into a written contract with him by which he undertook to bind the partnership of Hogg & Caudill to pay his doctor's bills and his wages during the time he was unable to work, provided he would stay on the job and render such services as he could during that time. The contract further provided that Hogg and Caudill should furnish Johnson work so long as the job lasted and he continued faithful on the job. Thereafter Johnson brought suit in the Letcher circuit court against Hogg & Caudill as partners to recover on the contract. Besides interposing defenses not here material, each of the defendants pleaded that Hogg had nothing whatever to do with the job of work in which Johnson was injured, and that, if there was any responsibility at all, it rested on Caudill. A trial before a jury resulted in a verdict and judgment against both Hogg and Caudill for the sum of $450, with interest and costs. No appeal was prosecuted from the judgment. Before any execution issued, Caudill paid one-half of the principal of the judgment. An execution then issued for the balance, including interest and costs, and was levied on the property of Hogg. To prevent a sale of the prop-

erty Hogg paid off the execution. The amount paid was $276.15.

Charging, in substance, that Johnson was not an employee of the partnership, but worked for Caudill alone, and that Caudill was without authority to bind the partnership by the settlement contract which he made with Johnson, Hogg brought this suit against Caudill to recover the amount paid by him on the ground that he had paid Caudill's debt. Caudill defended on the ground that the judgment in the suit of Johnson v. Hogg & Caudill was a bar to Hogg's recovery, and also asserted a counterclaim for teamwork performed for the partnership business. On final hearing, the chancellor sustained the plea of res judicata, and dismissed the petition. He also dismissed the counterclaim on the ground that the matters involved therein had been settled by the parties. From that portion of the judgment dismissing the petition Hogg has prayed an appeal.

The rule that a prior judgment operates as an estoppel does not apply where the parties in the second action were not adversary parties in the first action. Hargis v. Hargis, 207 Ky. 366, 269 S. W. 297; Pioneer Coal Co. v. Asher, 226 Ky. 488, 11 S. W. (2d) 116. Hence a judgment against codefendants is not conclusive as between themselves with respect to their rights and liabilities towards each other, unless an issue was made between them, or the case was tried on the theory that an issue had been made, or the circumstances were such as to require that an issue be made. Charles v. White, 214 Mo. 187, 112 S. W. 545, 21 L. R. A. (N. S.) 481, 127 Am. St. Rep. 674; Graham v. La Crosse & M. R. Co. (Milwaukee & Minn. R. Co. v. Chamberlain) 3 Wall. 704, 18 L. Ed. 247; Giblin v. North Wisconsin Lumber Co., 131 Wis. 261, 111 N. W. 499, 120 Am. St. Rep. 1040. This rule is peculiarly applicable to persons sued as partners in view of the well-settled principle that persons who are not actual partners may nevertheless become subject to the liabilities of partners either by holding themselves out as such, or by knowingly or negligently permitting another person to do so. Spears v. Toland, 1 A. K. Marsh. 203, 10 Am. Dec. 722; Sun Mut. Ins. Co. v. Kountz Transp. Co., 122 U. S. 583, 7 S. Ct. 1278, 30 L. Ed. 1137; Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 31 So. 81, 90 Am. St. Rep. 907; Potter v. Green, 9 Gray (Mass.) 309, 69 Am. Dec. 290. In the action of Johnson v. Hogg

& Caudill, no issue as to partnership was made between Hogg & Caudill. The case was not tried on the theory that any issue had been made. The circumstances were not such as to require that an issue be made. On the contrary, each of them pleaded that there was no partnership as to operation of the sawmill, and that the contract which Caudill made with Johnson in the name of the partnership was not binding on Hogg. As Hogg & Caudill were not adversaries in the former action, the judgment therein rendered in favor of Johnson will not estop Hogg from recovering in this action. It follows that the decision of the chancellor was erroneous.

Wherefore the appeal is granted, and the judgment is reversed and cause remanded for a new trial consistent with this opinion.