## A. B. C. FIREPROOF WAREHOUSE CO. v. ATCHISON, T. & S. F. RY. CO.

### No. 11929.

Circuit Court of Appeals, Eighth Circuit.

Sept. 9, 1941.

Walter A. Raymond, of Kansas City, Mo. (William G. Holt, of Kansas City, Mo., on the brief), for appellant.

Dean Wood, of Kansas City, Mo. (Cyrus Crane, George J. Mersereau, and John N. Monteith, all of Kansas City, Mo., on the brief), for appellee.

Before GARDNER and JOHNSEN, Circuit Judges, and COLLET, District Judge.

JOHNSEN, Circuit Judge.

On a previous appeal, 8 Cir., 82 F.2d 505, 519, we reversed a judgment for plaintiff, and said: "We conclude that

the trial court was in error in refusing to find that the claim asserted and sued on by the warehouse company in this case had been fully adjudicated against it in the litigation in the state courts." On a remand, the trial court entered a summary judgment in favor of defendant, under Rule 56(b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, and plaintiff has appealed.

The state court litigation which we regarded as res adjudicata of the warehouse company's right of action was Train v. Atchison, Topeka & Santa Fe Railway Co., 214 Mo.App. 354, 253 S.W. 497. The situation in that case, as in the present action, arose out of the fact that the warehouse company had undertaken to act as shipping agent for the transportation of three automobiles, belonging to separate owners, from Kansas City, Missouri, to Los Angeles, California. Under its contract with the owners, its responsibility was to cease on delivery of the property to the railway company. It arranged for the automobiles to be shipped by freight, in a single boxcar, under a bill of lading issued to it as consignor. The warehouse company's employees had charge of the loading, and, before the car was sealed, they undertook to drain the gasoline from the automobile tanks. The fumes of the gasoline were ignited from a lighted lantern, which they were using, and the automobiles were destroyed. Train, as the owner of one of the automobiles, brought suit, on the ground of negligence, against both the warehouse company and the railway company, in state court, for the value of his property.

Each defendant claimed that the other was solely liable for the loss. The answer of the warehouse company alleged that it had delivered the automobiles to the railway company as carrier and had received its bill of lading therefor; that the property was accordingly in the exclusive possession of the railway company and the latter was solely responsible for it; that, if the fire was due to the acts of any servants or employees of the warehouse company, they were acting outside the scope of their employment, and the warehouse company was not liable for their acts. The railway company's answer in turn alleged that at the time of the fire the property was still in the hands and under the control of the warehouse company; that the fire was due to the acts of the latter's employees in undertaking to drain the gasoline with the use of a lighted lantern; and that the railway company was accordingly not liable for the resulting damage. Each party tendered instructions in support of its opposing theory, some of which the trial court gave and some of which were refused. The jury returned a verdict against both defendants.

Each defendant appealed, claiming that, as to it, the evidence was insufficient to establish liability. The Kansas City Court of Appeals affirmed the judgment as to the warehouse company, but held that the evidence failed to establish liability as to the railway company. Its opinion said (page 504 of 253 S.W.): "While the bill of lading had been signed, yet the shipper still retained a control over the goods to enable it to finish its work of preparation of the goods for the shipment which was solely its work and not the railway company's. And the specific negligence charged is shown by the proof to be the negligence of the shipper or agent of the owner, and not that of any employee of the railway company."

The warehouse company ultimately was held liable to the owners of all the automobiles, and it seeks to recoup itself from the railway company, by this action on the bill of lading. Manifestly, there could be no liability on the part of the railway company, if the control of the property was still in the hands of the warehouse company at the time of the fire, and if the fire was occasioned by the acts of its employees while engaged in the duty of preparing the goods for shipment. On those questions the warehouse company and the railway company had clearly made themselves legal adversaries in the Train case, by pleadings which drew a specific challenge against each other before the court and jury, by evidence which fully developed the material facts in their conflicting positions, by instructions which could leave no jury doubt as to the elements of separation between them, and by an appeal which placed all the facts in the scales and sought a determination of their sound legal effect. Certainly, as was said in our previous opinion (page 515 of 82 F.2d), the warehouse company should now be estopped "to claim that the automobiles had not been lost by the shipper's negligence

while preparing them for shipment." On that question, it has had a full, fair day in court against the railway company, with every fundamental incident of sound adjudication, and it cannot properly ask to be given the privilege of merely submitting these same facts to another jury.

In City of Springfield v. Plummer, 89 Mo.App. 515, 529, the Missouri court said: "If they were adversary parties, * * * then that the judgment would be a complete and effectual bar * * * admits of no doubt, irrespective of the fact that they were co-defendants, for an issue once tried on its merits and reduced to a final judgment, however raised, precludes the retrial of the same issue between the same parties in any other form of action."

Similarly, in Nave v. Adams, 107 Mo. 414, 17 S.W. 958, 960, 28 Am.St.Rep. 421, it was declared: "Their interests were essentially adverse to each other, and the adjudication respecting them, upon the pleadings, clearly raising such an issue, is as conclusive as though they had occupied the more formal positions of plaintiff and defendant as to that issue."

Again, in Charles v. White, 214 Mo. 187, 112 S.W. 545, 550, 21 L.R.A.,N.S., 481, 127 Am.St.Rep. 674 and Scheer v. Trust Company of St. Louis County, 330 Mo. 149, 49 S.W.2d 135, 143, the Supreme Court of Missouri said: "There can be no doubt that, upon proper pleadings, a judgment may determine the rights of the defendants even between themselves, and our Code provides for such a proceeding * * *." Other Missouri decisions are set out in our previous opinion and need not be repeated here.

The warehouse company argues that this rule has application only to actions in equity. The language of the Missouri Code contains no such limitation. Section 1237, Mo.Rev.St.1939, specifically provides: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may determine the ultimate rights of the parties on each side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled." Nor do we find anything in the expressions of the Missouri courts that warrants the distinction here sought to be made, in the effect of litigating a rivally pleaded issue between codefendants, in an action at law and in a suit in equity. Such a distinction would also be without sound logical foundation.

It is our view that, under the statute of Missouri, quoted above, and the decisions of its courts, a judgment is res adjudicata between co-defendants of any controlling fact upon which it is based, in rights and relationships between such co-parties arising out of or connected with the matter in litigation, where they have actually assumed the position of adversaries with respect to such fact throughout the proceeding, by expressly placing it in issue in their pleadings, whether answer or cross-petition, and contesting it on the trial; where they have had the opportunity for a full and fair trial and submission on the merits; where the result of the determination of the litigation by the court or jury is to establish in the trial the legal existence of the fact, as contended for by the one and as denied by the other; and where no new legal situation is presented in the subsequent litigation attempted between them.[1]

The adjudication in the Train case that the warehouse company still was in control of the property, and that the fire was due to the negligence of its employees in preparing the goods for shipment, necessarily would be conclusive, for purposes of this suit, as to all elements of damage claimed to have resulted from the fire, since it was determinative of the foundational right for the single cause of action that could exist under the bill of lading.

The other contentions raised are without merit, in the light of the views herein expressed and the facts above stated, and they require no further discussion. What might have been the situation under a different state of the pleadings or different conditions of trial is of course

---

[1] Compare the expression in Ohio Casualty Insurance Co. v. Gordon, 10 Cir., 95 F.2d 605, 609: "But * * * if co-parties on the record were in fact adversaries as to an issue, and such issue was in fact litigated and they had full opportunity to contest it with each other, either upon the pleadings between themselves or the plaintiff or upon cross-pleadings between themselves, they are concluded by the adjudication of such issue in a subsequent controversy between each other."

not important here. On the basis of the record in the previous trial, which was properly before it, the showing made on the motion for a summary judgment, the opinion of the Missouri court in the Train case, and our opinion on the first appeal, the trial court properly entered a summary judgment for defendant. No new legal situation was shown to exist, and there was no issue of fact to be adjudicated.

Plaintiff certainly cannot complain that its lawsuit has received a hasty obituary, for the fire involved occurred almost twenty-one years ago, and the lawsuit itself has been breathing in the courts for nineteen years. It is properly being given a final repose.

Affirmed.