532

## HAGER v. ARNDT et al.

Court of Appeals of Kentucky.

June 8, 1951.

Ollie James Cohen, Louisville, for appellant.

William A. Miller, Louisville, for appellees.

CAMMACK, Chief Justice.

James Hager filed this action to recover damages to his car caused by the alleged negligence of Herman Arndt and D. Davenport in the operation of their car when it collided with Hager's car. Charles Riggs, who was a passenger in Hager's car, sued Hager, Arndt and Davenport and recovered an $800 judgment; $400 of which was paid by Hager and the remainder by Arndt and Davenport. Arndt and Davenport pleaded the former judgment in the Riggs Case as a bar to Hager's claim. Hager declined to plead further when his demurrer to this plea was overruled and he is appealing from the judgment dismissing his petition.

The opinion in the case of Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, is controlling here. That case was an action for indemnity, but the fundamental principles involved are the same. Sizemore, an injured pedestrian, recovered a judgment against Brown Hotel and Pittsburgh Fuel for injuries which he sustained when he fell in a manhole in a passway adjacent to the Hotel and wherein Pittsburgh Fuel had been unloading coal for the Hotel. Pittsburgh Fuel paid its part of the judgment and we affirmed the other part of it against the Brown Hotel in the case of Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S.W.2d 911.

Both of the defendants in the original action charged the negligence of the other as being solely responsible for Sizemore's injury. In the second case Pittsburgh Fuel pleaded the former judgment as a bar to Brown Hotel's claim for indemnity. A demurrer to the answer was carried back to the petition and sustained and the petition was dismissed. On the appeal the record in the former case was considered as a part of it. We reversed the second judgment, holding that the lower court should have rendered judgment in favor of Brown Hotel because the record on the former appeal showed that there was primary negligence on the part of Pittsburgh Fuel and secondary negligence on the part of Brown Hotel. This situation made both parties liable to the injured person. We pointed out, however, that a judgment against codefendants is not conclusive as between themselves with respect to their rights an issue was made between them, or the parties in the second action were adverse parties in the first action. The opinion makes clear also the proposition that a plaintiff is entitled to have his action tried without becoming involved in a cross action between defendants.

There is nothing in the record in the case now before us which shows anything as to the degree of negligence between the defendants on the first trial. There is only the showing that all defendants were called upon to answer Riggs' charge of negligence; that they defended that action; and all of them joined in satisfying the judgment. Certainly, under the Brown Hotel case, Hager has the right to have his case tried against Arndt and Davenport.

The case of Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060, is clearly distinguishable from the case at bar, just as it was distinguishable from the Brown Hotel case. In that opinion the pleadings in the subsequent actions showed that the codefendants, Vaughn and Louisville & N. R. Co., had taken positions adverse to each other on the question as to whether the negligence of one or both caused the accident. The defenses of the Vaughns were wholly inconsistent with the defenses of the Railroad Company. Here there is no such showing. What issues may be developed later are wholly beside the point at this time.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.