### CLARK'S ADM'X v. RUCKER.

Court of Appeals of Kentucky.
March 13, 1953.

Rehearing Denied June 12, 1953.

J. E. Wise, Elizabethtown, Van Sant & Young, Frankfort, for appellant.

Woodward, Hobson & Fulton, Louisville, for appellee.

MILLIKEN, Justice.

This case presents the question whether a judgment for the death of a passenger against the operators of two trucks involved in a collison, which was predicated on a finding of negligence on the part of each operator, is res judicata of the issue of negligence in an action by the operators against each other.

Appellant, Helen M. Clark, as administratrix of the estate of her husband, Joe E. Clark, had recovered a judgment for $12,500 against the appellee, Fulton Rucker, for the death of her husband caused by injuries in a collision between his truck and that of Rucker. Because of an error in the instructions, we reversed that judgment and remanded the case for further proceedings. Rucker v. Clark, Ky., 239 S.W.2d 80. In the meantime, Marie B. Johnson, as administratrix of the estate of James E. Johnson, who was fatally injured in the collision while a passenger in Rucker's truck, had obtained judgment for his death in the amount of $5,000 against Rucker and the estate of Joe E. Clark, and the judgment was paid by them in equal amounts. In the action against them by Johnson's administratrix, both Rucker and Clark's administratrix separately denied negligence, and asserted that the collision was caused solely by the negligence of the other. Two days before the filing of the mandate of this court in the appeal of Rucker v. Clark, Ky., 239 S.W.2d 80, but after our decision was known, Rucker amended his answer in the Circuit Court by pleading that the judgment obtained by Johnson's administratrix, which found both him and Clark negligent, was res judicata of the issue of negligence between him and Clark's administratrix in the case at bar. The demurrer to the amended answer filed by Clark's administratrix was overruled, and she has appealed from the judgment dismissing her petition.

The general law on the question at bar is summarized in the Restatement of the Law of Judgments, Section 82, page 386, with an Illustration on page 387:

"* * * where a person is injured by the concurrent negligence of two tortfeasors who are joined in one action, the fact that each of them attempts to show that the other was solely responsible for the accident or that the other alone was negligent does not make the issue of negligence res judicata in subsequent proceedings between them, where the liability of one to the other does not depend upon his liability to the injured person * * *.

"Illustration: 1. A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

The rules of res judicata are based upon an adversary system of procedure designed for the purpose of giving persons an opportunity to litigate claims against each other. As a consequence, persons who have not had an opportunity of litigating between themselves the correctness of a determination which is the basis of a judgment for or against them are not concluded by such a determination in a subsequent action between them. Unless they were adversaries in the action in which the judgment was entered, the judgment merely adjudicates the rights of the plaintiff against each defendant, leaving unadjudicated the rights of the defendants between themselves. Restatement of the Law of Judgments, Section 82; Freeman on Judgments, Fifth Edition, Vol. 1, Section 422, page 918; 30 Am.Jur., Judgments, Sections 233, 234, pages 966, 967; 22 A.L.R. 1275; 152 A.L.R. 1066; Bunge v. Yager, Minn., 52 N.W.2d 446, and comment thereon 36 Minn.L.R. 983.

In our present Civil Code of Practice there is no provision for cross-claims in tort actions by one defendant against another, and as a consequence no judgment could be given one defendant against the other in the action by Johnson's administratrix against Rucker and Clark's administratrix. In a colloquial sense, each

defendant had acted adversely to the other in pleading the death of Johnson was caused solely by the negligence of the other, but their action did not constitute them adverse parties, "those who, by the pleadings, are arrayed on opposite sides." Merrill v. St. Paul City Ry. Co., 170 Minn. 332, 212 N.W. 533; Freeman on Judgments, Fifth Edition, Section 423, page 918. Under our present procedure, Rucker and Clark's administratrix could not be on "opposite sides" from each other in the action brought against them by Johnson's administratrix except in an unusual circumstance such as occured in Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060, hereinafter discussed. As stated in Pearlman v. Truppo, 159 A. 623, 624, 10 N.J.Misc. 477, adverse parties "must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue which must be raised by appropriate cross-pleadings between the defendants themselves, so that each may have control of the proceedings to enable him to exhaust the question of liability inter sese. It is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff, and tenders no issue to which the other defendant may demur or reply to or join issue upon so as to settle the liability one to the other." See, also, 101 A.L.R. 104; American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N.W.2d 397, 142 A.L.R. 727; 30 AmJur., Judgments, Section 233.

In Hager v. Arndt, Ky., 240 S.W.2d 532, an action for damages, involving a factual situation similar to the case at bar, we held that a judgment for Riggs against Hager and Arndt, which found them both negligent, was not a bar to Hager's claim against Arndt, relying on some reasoning in our opinion in Brown Hotel Company v. Pittsburgh Fuel Company, 311 Ky. 396, 224 S.W.2d 165, which was a suit for indemnity. In the latter case an employee of the Pittsburgh Fuel Company left insecure the lid of a manhole into which he had unloaded coal for the Brown Hotel, and a pedestrian was injured when it turned with him. After paying its share of a judgment against both it and the Pittsburgh Fuel Company, the Brown Hotel Company sued the Pittsburgh Fuel Company for the recovery of the amount of its payment and was met with a plea that the judgment for the injured pedestrian, Sizemore, was based on the negligence of both the Hotel Company and the Fuel Company and hence was a bar to the suit for indemnity. In the Brown Hotel case the injured pedestrian had claims for a single harm against two parties, the Fuel Company and the Hotel Company, and although each of them was liable for an equal part of the judgment, the Fuel Company, as between it and the Hotel Company, should have borne the loss because of its primary negligence. The Fuel Company was held primarily liable and was compelled to make good to the Hotel Company the loss it sustained. However, in the opinion in Brown Hotel Company v. Pittsburgh Fuel Company, we pointed out that under our practice neither defendant in a tort action has any control over the pleading or defense of his co-defendant and neither could appeal an adverse judgment against the other, that to all intents and purposes the conditions were the same as if independent suits had been brought against each of them, and it was this reasoning which caused us to cite the Brown Hotel case in Hager v. Arndt. In the cited case, any liability the Fuel Company owed the Hotel Company was measured by the payment of the amount of the judgment the injured pedestrian had obtained against the Hotel Company, but in the case at bar any recovery which might be obtained against Rucker for the death of Clark would be wholly independent of the judgment obtained by Johnson's administratrix against Clark's estate and Rucker for the death of Johnson.

It has been urged that the case at bar is controlled by our decision in Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 444, 152 A.L.R. 1060, in which we held that the owners of a truck could not recover from the railroad for the death of their son and agent, Rob-

ert Vaughn, Jr., in a crossing accident where, in judgments for occupants of the truck, both the son and the railroad had been found negligent. In his opinion, Judge Rees pointed out that the Vaughns in the actions brought against them and the railroad by Smith and Tosh, occupants of the truck, had filed a motion in which it was stated that their interests and the interests of the railroad were antagonistic, that their defenses were wholly inconsistent with the Railroad Company, and moved the court to impanel a jury of 21 persons so that each set of defendants might have three peremptory challenges, and that this motion was granted. This motion was the sequel to the court's refusal to permit this action of the Vaughns' against the railroad to be consolidated for trial with the suits of Smith and Tosh against the railroad and the Vaughns. Judge Rees stated that the Vaughns had made a clear-cut issue with the railroad as to whether their son or the railroad was negligent, that they "participated in the trial, were represented by their own attorneys, and, in order to prevent a judgment against them, endeavored to establish that the negligence of the railroad company was the sole cause of the collision and that *their agent,* Robert Vaughn, Jr., was not guilty of concurring negligence proximately contributing to the collision. The question of the negligence of Robert Vaughn, Jr., was adjudicated and determined, and Mr. and Mrs. Vaughn are estopped to relitigate the question." (Italics ours.) Robert Vaughn, Sr., as administrator of the estate of Robert Vaughn, Jr., was estopped because he and his wife would have been the sole beneficiaries of any recovery obtained. In other words, in suing as administrator, Mr. Vaughn was really acting in a representative capacity for his wife and himself individually. However, in defense of the actions of Smith and Tosh against the Vaughns and the railroad, the Vaughns had practiced their case in such a way as to have the fact essential for recovery as administrator conclusively adjudicated.

The practice in the Vaughn case was unusual, but our opinion in that case is consistent with the reason which underlies the whole doctrine of res judicata, namely, that a person should not be bound by a judgment except to the extent that he, or someone representing him, had an adequate opportunity not only to litigate the matters adjudicated but to litigate them against the party who seeks to use the judgment against him. Freeman on Judgments, Fifth Edition, Section 422.

 Under Rule 13.07 of our new Rules of Civil Procedure, effective July 1, 1953, cross-claims of co-parties may be adjudicated in the principal action. This new rule is the same as Federal Rules of Civil Procedure, rule 13(g), 28 U.S.C.A. It is within the discretion of the trial judge, however, as to how the cross-claims shall be tried.

The judgment is reversed.