## GISH REALTY CO. v. CENTRAL CITY.

Court of Appeals of Kentucky.

June 12, 1953.

Dissenting Opinion June 19, 1953.

Rehearing Denied Oct. 23, 1953.

Woodward, Bartlett & McCarroll, Owensboro, Allen, McElwain, Dinning & Clarke, Louisville, for appellant.

Samuel T. Jarvis and Alfred C. Ross, Greenville, for appellee.

MOREMEN, Justice.

This is an appeal from a judgment in favor of appellee, city of Central City (herein called City), against appellant, Gish Realty Company (herein called Gish), for indemnity resulting from a judgment theretofore rendered in the United States District Court because of the negligent maintenance of a sidewalk.

On May 13, 1948, Frances Willard Stone, a resident of Indianapolis, Indiana, fell on the sidewalk in front of a building owned by Gish in the city and was injured. She fell at, upon, or near an iron grating which had been placed in the sidewalk by Gish or its predecessors in title for the purpose of furnishing light and air under the building. She filed a complaint in the District Court against City, Gish, and a tenant in possession of the property, in which she alleged that the sidewalk was kept in an unsafe condition for travel, and made other formal averments suitable to an action of this character. The action against the tenant was dismissed. Gish and City filed separate answers which contained general denials and pleas of contributory negligence. Gish's answer, by separate paragraph, alleged the sidewalk was under the exclusive management of City. City, under a separate paragraph styled "Cross claim of answering defendant against its co-defendant, the Gish Realty Company," set up that the dangerous condition, if any, "was created and maintained by said co-defendant in connection with its construction and maintenance of an iron grating in the sidewalk which grating constituted an additional burden and servitude on said sidewalk for the special and sole use and benefit of said co-defendant in providing light and air for the lower part of its building," and concluded that "if it is liable on account of the claim presented in the complaint, which it denies, said liability is primarily and, as between answering defendant and its co-defendant, the Gish Realty Company, solely the liability of the Gish Realty Company."

The case came on to be heard and the plaintiff, at the conclusion of all the testimony offered in her behalf, with permis-

sion of the court, filed an amended complaint in which she made the charge that Gish had kept an additional burden upon the sidewalk where she was injured by erecting and maintaining an iron grating and had placed concrete or other substances around said grating and had permitted said retaining structure to become defective and dangerous and that she had stepped in or upon the defects appearing in the concrete placed thereon by Gish which constituted an additional servitude to said sidewalk.

An issue was thereby raised at the trial concerning whether Frances Willard Stone's fall had resulted from the dangerous condition of the servitude, the dangerous condition in the sidewalk, or from defects in both. The judge of the District Court recognized these issues in his charge to the jury when he said:

"Now, you may find against the City of Central City and in favor of the Gish Realty Company. You may find that it was a defect in the sidewalk for which the city was responsible that brought about the injuries. You may find against the Gish Realty Company that it was the defect in the servitude there—the grating or its surrounding material to hold it in place—or you may find against both of them. You may find that the defect there was due to the negligence of both the city and the Gish Realty Company and you may award your damages, hold one accountable to a certain amount and the other accountable to a less or a greater amount as you may believe their negligence, if any, was had in relation to the negligence of the other defendant. You may believe that one was more negligent than the other and you may award your damages accordingly, if you determine to award damages. In other words, you will consider the negligence, if any, as it pertains to each of the defendants."

The jury returned a verdict for Frances Willard Stone in the sum of $12,000 and divided the award as follows: City—$8,000; Gish—$4,000. Thereafter City filed a motion for judgment on its cross-claim against Gish for $8,000 which was the amount of the verdict and judgment against City. The court failed to rule on the motion and entered judgment against each of the defendants for the amount of the respective verdicts. Motions for a new trial filed by both defendants were overruled. City moved to dismiss its cross-claim without prejudice, which motion was sustained. Later, orders of satisfaction of the judgments against both defendants were filed.

Subsequently, City filed a suit for indemnity against Gish in the Muhlenberg Circuit Court in the total sum of $8,845.13 which amount consisted of $8,000 judgment had in the United States District Court together with costs incurred in defense of the action. Gish filed an answer in which it relied on the judgment rendered in the United States District Court as being a conclusive determination of all issues joined in the action, including the issue concerning the respective liabilities of City and Gish. The cause was submitted to the court for judgment upon the pleadings, exhibits and a transcript of the proof heard in the action of Frances Willard Stone v. City of Central City and Gish Realty Co. The court was of opinion that Gish was primarily negligent in placing the grating in the sidewalk and permitting it to become and remain in a defective condition and, under the authority of City of Georgetown v. Cantrill, 158 Ky. 378, 164 S.W. 929; Board of Councilmen of City of Harrodsburg v. Vanarsdall, 148 Ky. 507, 147 S.W. 1; City of Louisville v. Metropolitan Realty Co., 168 Ky. 204, 182 S.W. 172, and other cases, gave judgment in the full amount prayed. The court was further of opinion that the question of primary and secondary liability between the parties had not been adjudicated in the prior case because he had grave doubts that the question of liability as between the co-defendants had been submitted to the jury, and relied upon Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, 168, as a persuasive precedent.

We do not believe the Brown Hotel case is decisive of the instant case because of the difference of practice which now exists between the rules of the federal court and the Civil Code of Practice applicable in the state court. Federal Rule 13(g), 28 U.S.C.A., specifically permits the filing of a cross-claim such as was filed in the original suit. The Brown Hotel case did not involve a situation where a cross-claim had been filed or tried as between the defendants because our Civil Code does not permit a cross-petition in a tort action, and it was pointed out in the opinion: "That practice is not recognized or permitted in this state in a tort action. In such action neither defendant is permitted to file a cross-petition against the other charging him to have been negligent. The plaintiff is entitled to have his suit tried without becoming involved in a cross-action between the defendants."

■ It is apparent that in the original Brown Hotel suit no issue had been joined concerning indemnity, no trial had been had on this question and no judgment entered. But here the converse is true. The issue was joined, testimony concerning the condition of the sidewalk was fully developed, the court charged the jury as to its responsibility concerning this issue, separate verdicts were returned and judgments were entered which fixed the amount that each tort-feasor had contributed to the injury of Frances Willard Stone. If the jury had believed the injury resulted directly and solely because the servitude had been placed on the sidewalk, a verdict might properly have been had against Gish for the full amount awarded. The jury did not believe Gish alone was guilty of the negligence, and distributed the burden of damages between the defendants in that proportion which it believed each one had contributed to the accident. The judgments which were entered upon this verdict separated the amounts in that proportion which the jury believed each had contributed to the accident, and we believe this action concluded any further litigation between the parties on the points raised.

It may be recalled that the Brown Hotel case was an outgrowth, as a suit for indemnity, of Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S.W.2d 911, which arose out of a state of facts where the employee of the Pittsburgh Fuel Co. left insecure the lid of a manhole into which he had unloaded coal for the Brown Hotel, and a pedestrian was injured when he stepped upon the lid and it turned with him. The judgment for damages was rendered against the fuel company and the hotel company. The verdict specified that each should pay an equal part. The fuel company paid its part of the judgment without appeal and this court affirmed judgment for the other half against the hotel company. It was carefully pointed out in the indemnity case:

"The primary, efficient and direct cause of the accident was the positive antecedent negligence of the fuel company's employee in failing to replace the manhole lid securely. This exposed the hotel company to liability. Its fault was a negative tort in failing to check upon the act of the coal delivery man and in failing to observe its affirmative duty to the public to see that the way was free of obstruction or the pitfall. Both were in fault but not the same fault toward the party injured. The employees of the two companies were not acting jointly or concurrently or contributorily in committing the tort. They were not in pari delicto."

With equal care it was pointed out in this same opinion that a joint tort-feasor who is compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity from the latter where the joint tort-feasors are in pari delicto. In the Brown Hotel case there was a positive act of negligence followed by negligence of a rather negative type on the part of the hotel company in not discovering the insecure lid within a reasonable time.

In the case at bar the jury was given the option of finding against Gish if there was

950

a defect in the servitude, against City if a defect in the sidewalk brought about the injuries, and against both of them if Frances Willard Stone fell because of a defect that was due to the negligence of both Gish and City. It is apparent from the verdict returned under one of the options suggested by the court that the jury believed Gish was less culpable than City, otherwise the money value of the judgment would not have been in the relation of two to one.

■ In the Brown Hotel case we said:

"The general common law rule that a joint tort feasor who is compelled to pay damages for the negligent or tortious act of another is not entitled to indemnity from the latter has become subject to so many exceptions and limitations—resting upon reasons at least as forceful as those which support the rule itself—the rule has become so narrow that it can hardly with propriety now be called the general rule. 13 Am.Jur., Contribution, sec. 39. The general rule has become the specific rule only where joint tort-feasors were in pari delicto—equal fault. Other than that, the so-called exceptions have become rules themselves. An Act of 1926, now Kentucky Revised Statutes 412.030, authorizing contribution among tort-feasors where the wrong reflects no moral turpitude, abrogated the so-called general rule but made no change in the exception which allows the right of indemnity where the person seeking it and the person from whom it is sought are not in pari delicto, as where the party who was compelled to pay the damages was less culpable than the other wrongdoer, although both were equally liable to the person injured. Louisville Ry. Co. v. Louisville Taxicab & Transfer Co., 256 Ky. 827, 77 S.W.2d 36."

In short, the foregoing says that where the joint tort-feasors are equally at fault, there may be no contribution; if one party's fault is the lesser, he may recover from the more culpable. In the instant case, if the verdict is given any force, before indemnity may be had, it would be necessary to extend that rule and say the one in the greater fault could recover from the one who is guilty of the lesser wrong-doing.

■ We think this case should be governed by the theory announced in Vaughn's v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 444, 152 A.L.R. 1060, wherein it was held that parents, liable for the negligence of their son in driving a truck owned and operated by them, who were joined as defendants with a railroad company in an action to recover for the deaths of boys riding with the son when the truck was struck by a freight train at a public crossing, were bound by an adjudication in that action that the son was guilty of negligence proximately contributing to the accident, so as to preclude them from relitigating that issue in a later action by them against the railroad company arising out of the same accident, where it was recognized that their interests and the interests of the railroad company in the first action were adverse. Judge Rees in writing the opinion of the court, said:

"As a general rule res judicata can be invoked only where the subsequent litigation is between the parties to the former judgment or their privies, and where their interests were adverse in the prior proceeding. This does not mean that they must have been plaintiff and defendant, respectively, but it is sufficient if they were asserting adverse interests, as here, even though they were both denominated defendants or plaintiffs. Hogg v. Caudill, 228 Ky. 396, 15 S.W.2d 239; Corcoran v. Chesapeake & Ohio Canal Co., 94 U.S. 741, 24 L.Ed. 190; A.B.C. Fireproof Warehouse Co. v. A[tchison], T. & S. F. Railway Co., 8 Cir., 122 F.2d 657; 34 C.J., Judgments, § 1478."

In a note to said case, the editors of A.L.R. say this:

"A matter of great concern, as regards the application of the above rule

in a particular case, is the determination of the question whether the coparties came within the classification of adverse parties. Adverse parties have been defined as 'those who, by the pleadings, are arrayed on opposite sides.' Merrill v. St. Paul City R. Co. (1927) 170 Minn. 332, 212 N.W. 533. 'Opposite sides,' in this sense is not restricted to plaintiffs against defendants, since co-defendants having a controversy inter se may come within such classification. But it has been said that mere assertions in the separate answers that the other defendant was the one at fault does not make the defendants adversaries, where no counterclaim or cross pleadings are filed. Pearlman v. Truppo (1932) 10 N.J.Misc.R. 477, 159 A. 623, infra, II."

When the type and nature of the proceeding in the federal court are considered, we have no difficulty in determining that Gish and City were adverse parties in that action.

■ Appellee insists that City had no cause of action for indemnity until it had actually paid and satisfied the judgments against it in the federal court. This would be true if the original action had been litigated in our state court because, as we have pointed out above, our Civil Code does not permit a cross action between defendants in tort cases. However, the original action in this case, having been tried in the federal court, was controlled by the procedural methods existing in that court, and we are satisfied that Federal Rule 13 (g) permits cross-claims by co-defendants in matters such as are presented there.

■ Appellee insists that since both City and Gish are Kentucky corporations, the federal court did not have jurisdiction to try the cross-claim because diversity of citizenship was lacking. Although the case of Fidelity & Casualty Co. of New York v. Wilson, D.C., 105 F.Supp. 454, 457, involved a question of interpleader, we think the court correctly stated the general rule when it said:

"And where the court has jurisdiction of the subject matter of an action, the defendants submitting themselves to the court thereby confer upon it jurisdiction over their persons. And such parties may likewise by cross-complaint submit ancillary suits to the court, and the court will entertain the ancillary suits although it could not have entertained them as independent suits. Goldstone v. Payne, 2 Cir., 1938, 94 F.2d 855; cf. Ex parte Republic of Peru, 1943, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014; see also Bank of Neosho v. Colcord, D.C.Mo.1949, 8 F.R.D. 621."

■ We recognize that the word, "ancillary," is not of great descriptive value because the decisions have never given it a sharp meaning, but we also recognize that one of the purposes of the federal rules is to provide a one-form-of-action system in which even defendants who are properly joined are afforded a means of settling the entire controversy with a minimum of energy, expense, and procedural steps and, in the case at bar, when the party defendants tried this issue without objection in the federal court, neither party should be heard to say that it had no right to try such an issue.

We are of opinion that City had its day in the federal court on the issue it now seeks to re-litigate in the state court and is barred under the rule of res judicata to seek a new determination of issues that were properly joined in the first suit.

The judgment is therefore reversed and remanded for the purpose of entering a judgment in accordance with this opinion.

DUNCAN and MILLIKEN, JJ., dissenting.

DUNCAN, Justice (dissenting).

I am unable to concur in the majority opinion for two reasons: First, I am convinced that it is in irreconcilable conflict with Clark's Adm'x v. Rucker, Ky., 258 S.W.2d 9; and second, the opinion distorts

some of the Federal Rules of Civil Procedure. Ordinarily, I would not feel inclined to express my dissent from an interpretation of the Federal Rules of Civil Procedure, notwithstanding my disagreement with the views of the majority. However, in this case, the majority opinion may constitute precedent for a similar interpretation of comparable provisions of Kentucky's new Rules of Civil Procedure.

The Clark opinion was rendered less than three months prior to the majority opinion in this case, and the petition for rehearing in that case was overruled by an order entered the same day that the majority opinion here was rendered. The views expressed and the principles announced in the two opinions are so diametrically opposed one to the other that both cannot be right. For example, the Clark opinion, although not expressly overruling Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060, so completely abandons the holding of the court in that case that its authority is destroyed. Notwithstanding that fact, the majority opinion says that this case should be governed by the theory announced in the Vaughn case.

The majority opinion seeks to distinguish the present case from Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W. 2d 165, upon the nebulous ground of the difference in the procedural rules of practice prevailing in the Federal Courts and those in effect in this State under the Civil Code. A portion of the court's charge to the jury in the Federal Court action is quoted in support of the statement that the city's cross-claim was tried in that court. The court's charge does not support such a conclusion. An instruction in substantially identical terms was given to the jury in the Brown Hotel and the Clark cases and was followed by a verdict against both defendants, as in the present case.

Rule 13(g) of the Federal Rules of Civil Procedure permits a defendant to cross-claim against a co-party upon any claim arising out of the transaction or occurrence that is the subject matter of the original action, and permits the cross-claim to include the claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of the claim asserted in the original action. Where cross-claims have been asserted, the court may, in furtherance of convenience and to avoid prejudice, hold a separate trial of any claim or cross-claim. Rule 42(b). The judgment entered in a separate trial of one claim does not dispose of or affect the cross-claim. Rule 13(i).

The judgment of the Federal Court entered upon the trial of the case of Frances Willard Stone against Gish Realty Company and the City of Central City makes no adjudication whatever concerning the claim asserted by the City on its cross-claim against Gish. That the failure to do so was no mere oversight is evidenced by the fact that the Federal Court subsequently dismissed the cross-claim on the City's motion, specifically reciting by its order that the dismissal was "without prejudice to any further claim or action by the City of Central City, Kentucky, against the Gish Realty Company." Implicit in that order is the recognition that the cross-claim was still pending and had not been concluded by the original trial. The erroneous assumption that the cross-claim had been litigated and determined in the Federal Court is completely refuted by this order.

I think the trial held in Federal Court did nothing more than determine the claim asserted in the original complaint. The issue of primary and secondary liability between the City and Gish was neither submitted to the jury nor determined by any order of the Federal Court. Under my construction of the Federal Rules, the issue raised on the cross-claim was and could be properly reserved. Not having been determined by the Federal Court, I think the claim asserted by the cross-claim could be subsequently made the subject of a separate action. For that reason, I would affirm the judgment of the lower court.

Justice MILLIKEN joins me in this dissent.