**Edgar FREEMAN, Appellant,**

v.

**Wilbur WILSON and Virtus Wilson, Appellees.**

Court of Appeals of Kentucky.

March 11, 1955.

Rehearing Denied Oct. 7, 1955.

———————

Fritz Krueger, Somerset, for appellant.

C. Homer Neikirk, Somerset, for appellees.

CLAY, Commissioner.

This controversy is here on a motion for appeal, but because of the importance of the question raised we are writing this opinion to state our reasons for overruling the motion. To simplify the statement of the problem we will designate the parties as A, B and C. They were involved in a three-way motor vehicle collision. A sued B for damages (B counterclaiming) and a judgment was entered in A's favor upon a jury verdict. Thereafter C sued both A and B, alleging joint negligence. A jury returned a verdict for C, dividing the damages between A and B.

In the second suit A filed a cross-claim against B, asserting that the question of negligence as between them had been formerly adjudicated, and that by virtue of such adjudication B was liable to A for the amount adjudged against A in the suit brought by C. This cross-claim was filed under CR 13.07, which permits a party to cross-claim against a co-party who is or may be liable to the cross-claimant for all or part of *the claim asserted against him by the plaintiff*.

The problem is simply whether or not the claim asserted by C against A and B is the *same claim* asserted by A against B in the earlier suit. Obviously it is not. The doctrine of res judicata is applicable only when the same issue that was or could have been litigated between the parties in a former action is presented for determination in a subsequent action. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165. In the earlier suit the jury determined that A was not negligent as to B. The question was not and could not

properly have been raised concerning A's negligence as to C. Since A could recover from B on the theory of res judicata only if the former judgment had absolved him of negligence as to C, which it did not do, such former judgment does not furnish a basis upon which A may recover from B the damages he was required to pay C. As a matter of fact, the only time the issue of A's negligence as to C was tried (in the second suit) the jury found A negligent on C's claim.

While the precise question presented has not heretofore been decided by this Court, two of our recent decisions recognize the governing principle. In Hager v. Arndt, Ky., 1951, 240 S.W.2d 532, A, a passenger, recovered judgments against B and C whose automobiles had collided. Subsequently B sued C and C pleaded res judicata. We held that this plea did not constitute a defense since the charge of negligence in the two cases presented different issues. It was pointed out that because there may have been a difference in the kind of negligence as between A and B and between B and C, B had the right to have his separate claim tried in a separate action. The circumstances and the decision were similar in Clark's Adm'x v. Rucker, Ky., 1953, 258 S.W.2d 9.

The foregoing cases present situations in substance the reverse of the one we have before us. However, the principle established is that where different parties are involved in separate suits, entirely different issues of negligence may be raised, and consequently the claims are not of the same character. Attention is called to extensive notes on this question appearing in 133 A.L.R. 181 and 23 A.L.R.2d 710.

Appellant relies on Gish Realty Co. v. Central City, Ky., 1953, 260 S.W.2d 946, and Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060. These cases are not of significance here. The first one simply recognized that cross-claims between defendants may be tried in a single action, and the second concerned the question of privity between parties to successive law suits.

In our opinion there had been no prior adjudication as between A and B with respect to the claim of C, and consequently the cross-claim based on the doctrine of res judicata was properly dismissed.

The motion for appeal is overruled and the judgment stands affirmed.